**In re Stanley Eugene MURPHY, Bankrupt.**

**Phillip G. MENNA, Plaintiff,**

v.

**Stanley Eugene MURPHY, Defendant.**

**Bankruptcy No. 78–01862–M.**

United States Bankruptcy Court, S. D. California.

Dec. 27, 1979.

John L. Kearney, Jr., Ruyle, O'Dorisio & Kearney, Solana Beach, Cal., for bankrupt and defendant.

Robert L. Rentto, Legro, Rentto, Pate & Tower, San Diego, Cal., Special Counsel, to Popko & Cornblum, for plaintiff.

## MEMORANDUM OPINION

JAMES W. MEYERS, Bankruptcy Judge.

### I

Phillip G. Menna (hereinafter referred to as "Plaintiff") filed suit against Stanley Eugene Murphy (hereinafter referred to as "Defendant") contesting the dischargeability of a debt owed him by the Defendant. Plaintiff's complaint was subsequently dismissed as a result of a motion to dismiss filed by the Defendant. Plaintiff has since filed a motion for reconsideration of the order dismissing his complaint and for an enlargement of time under Bankruptcy Rule 906.

### II

### FACTS

On August 2, 1978, Defendant filed a voluntary petition in bankruptcy. On August 16, 1978, this Court issued an order pursuant to Bankruptcy Rule 409(a)(2) which set October 30, 1978, as the last day on which complaints objecting to the discharge of debts could be filed. Counsel for the Plaintiff, in a letter dated August 28, 1978, requested that the Bankruptcy Court consider the letter an "objection to discharge in bankruptcy."

After being notified by the Clerk of this Court that his correspondence would not initiate an adversary proceeding against the Defendant, Plaintiff filed a complaint against the Defendant. The complaint was filed on October 31, 1978, one day after the bar date set in this Court's August 16, 1978 order.

The Defendant, however, was not served with the complaint until August 10, 1979. Subsequently, on August 31, 1979, the Defendant filed a motion to dismiss against the Plaintiff basing his claim primarily on the untimely filing of the complaint. In opposition to this motion, counsel for the Plaintiff furnished this Court with a detailed description of his demanding litigation practice in the state courts. He claims that he was quite busy with a number of trials immediately prior to the filing deadline. He admits that the complaint was ready for filing seven days prior to the October 30, 1978 bar date.

Plaintiff has tendered the following explanation as to why the complaint was filed

late: Counsel reviewed and signed the complaint on October 23, 1978. He then gave it to one of his secretaries, who is responsible for filing and serving pleadings. The secretary was directed to have the bookkeeper draw a check to cover the filing fee. Apparently, the secretary in charge of filing and obtaining checks for filing fees was not able to get a check drawn on October 30, 1978, because the bookkeeper did not come to work on that day. Counsel did not know why a check was not prepared on October 24, 25, or 26, 1978.

## III

### DISCUSSION

Plaintiff claims that the neglect of an attorneys' staff is "universally" held to be excusable neglect. He also claims that his late-filed complaint should be deemed an "amendment" to the prior letter of August 28, 1978, submitted by his counsel. In opposition to these contentions, Defendant asserts that this Court cannot reconsider its initial decision of dismissal, that the facts surrounding the untimely filing do not constitute excusable neglect and that the August 28, 1978 letter does not constitute a complaint.

To begin with, there is no doubt that this Court has the authority to reconsider its own decisions. This proposition is confirmed by the wording of Rule 906 itself, wherein under certain conditions the Court is allowed to consider the enlargement of previously specified time periods. *See* Bankruptcy Rule 906(b)(2). *See generally In re Texlon Corp.* 596 F.2d 1092, 1100 (2nd Cir. 1979); *Wayne Gas Co. v. Owens*, 300 U.S. 131, 137, 57 S.Ct. 382, 81 L.Ed. 557 (1936).

Aside from his argument premised on excusable neglect, Plaintiff also contends that the letter of August 28, 1978, constitutes a "complaint" to which his late-filed complaint is merely an "amendment". This contention is without merit. Bankruptcy Rule 708 makes applicable to adversary bankruptcy proceedings Rule 8 of the Federal Rules of Civil Procedure. Rule 10 of the Federal Rules of Civil Procedure is made applicable to bankruptcy proceedings by Bankruptcy Rule 710. The letter presents neither a "claim for relief" under Bankruptcy Rule 708 nor does it meet the formal requirements of Bankruptcy Rule 710. It cannot, therefore, be deemed a "complaint" cognizable under federal law.

With respect to his claim of excusable neglect, Plaintiff seeks an enlargement of time under Bankruptcy Rule 906(b). It provides in pertinent part that:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect
> . . . . .

In support of his argument, Plaintiff devotes a major portion of his declarations to a description of the heavy workload borne by his counsel. It is well settled, however, that the "press of business" will not support a finding of excusable neglect. *See Pinero Schroeder v. Federal National Mortgage Ass'n*, 574 F.2d 1117 (1st Cir. 1978) (late filed appeal under Fed.R.App.P. 4(a)) ("attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of the matters they are handling or suffer the consequences." 574 F.2d at 1118); *Airline Pilots v. Executive Airlines*, 569 F.2d 1174, 1175 (1st Cir. 1978) (late filed appeal under Fed.R.App.P. 4(a)); *In re Wooding*, 390 F.Supp. 451 (D.Kan.1974) (late filed application to determine dischargeability) ("The law has never favored legal lassitude." 390 F.Supp. at 454); *Matter of Fetherston*, 2 B.C.D. 122, 124 (W.D.Wis.1976); *Selph v. Council of City of Los Angeles*, 593 F.2d 881, 883–84 (9th Cir. 1979) (late filed notice of appeal under Fed.R.App.P. 4(a)).

The concept of excusable neglect rather, has been construed by the federal courts to be a flexible one, requiring a showing of good faith by the party seeking enlarge-

ment, a reasonable basis for non-compliance within the specified period, and a lack of prejudice resulting to the opposing party. *See In re Four Seasons Securities Litigation*, 493 F.2d 1288, 1290 (10th Cir. 1974) (Fed.R.Civ.P. 6(b)(2)); *Coady v. Aguadilla Terminal, Inc.*, 456 F.2d 677, 678–79 (1st Cir. 1972) (Fed.R.Civ.P. 6(b)(2)); *United States v. York Electric Co.*, 25 F.R.D. 478, 479 (D.N.D.1960) (Fed.R.Civ.P. 6(b)(2)); *United States v. Mutual Construction Corp.*, 3 F.R.D. 227, 228 (E.D.Pa.1943) (Fed.R. Civ.P. 60(b)). *See also In re Garchinsky*, 1 B.R. 203 (E.D.Pa.1979) (knowledge of the bar date and complete inaction by the plaintiff did not support a finding of excusable neglect under Bankruptcy Rule 906(b)(2)).

█ In addition to the foregoing, this Court is mindful of the need that justiciable matters be substantively considered and not be barred by procedural technicalities, unless some important purpose is served. *See In re Magee*, 415 F.Supp. 521, 530 (W.D.Mo. 1976). Litigants such as the Plaintiff, moreover, should not be penalized for the careless behavior of their counsel. *See Caruso v. Drake Motor Lines*, 78 F.R.D. 586, 588 (E.D.Pa.1978) (Fed.R.Civ.P. 60(b)(1)); *Keenan v. Builders Appliances, Inc.*, 384 F.Supp. 14, 15–16 (E.D.Wis.1974); *In re Jones*, 560 F.2d 775, 778 (7th Cir. 1977). And finally, this Court feels that the excusable neglect requirement of Bankruptcy Rule 906(b)(2) should be liberally construed. *See In re Capshaw*, 423 F.Supp. 1388, 1390 (E.D.Va.1977).

█ Focusing upon the facts of this case, this Court must strike a balance between the Defendant's entitlement to the full benefits of his discharge and the Plaintiff's interest in avoiding same where possible fraud exists. *See, Capshaw, supra,* 423 F.Supp. at 1390–91. Here we are dealing with a delay of only one day in a matter that does involve a serious allegation of fraudulent conduct by the Defendant. Plaintiff's counsel, moreover, was not completely inattentive. As evidenced by his declaration, he had taken substantial steps towards commencing an action against the Defendant. The complaint was not filed in a timely fashion simply because of a clerical mistake, and the Court is reluctant to penalize a client in this situation simply because of such an error. The Defendant, on the other hand, has not demonstrated to this Court the prejudicial effect of an enlargement of time in this case.

Taking these factors into consideration, this Court has concluded that on balance the conduct involved here does constitute excusable neglect under Bankruptcy Rule 906(b)(2). Accordingly, Plaintiff is entitled to an enlargement of time in which to file his complaint.

█ In addition, there is an alternative basis upon which this case can be decided. The order fixing October 30, 1978, as the last day for filing complaints to determine dischargeability is an administrative order. An administrative order may be reconsidered by the court in the exercise of its sound discretion at any time prior to the closing of the case so long as rights have not vested on the faith of such order. *See e. g., In re Hollandsworth*, 2 B.C.D. 19, 21–22 (S.D.W.Va.1973). Here, the same factors which sustain a finding of excusable neglect under Bankruptcy Rule 906(b)(2) will support the exercise of this Court's discretion in reconsidering and enlarging its previously established bar date, as no rights of the Defendant or third parties have vested on the faith of such order.

IV

CONCLUSION

The Plaintiff is entitled to an enlargement of time in which to file his complaint against the Defendant. Thus, the Court has reconsidered its order of October 12, 1979, in which the instant complaint was dismissed and concludes that the order must be vacated and this case set for trial.

The plaintiff shall prepare an appropriate order within fourteen days of the filing of this decision.