**In re Richard A. WEBSTER, Lillian E. Webster, Debtors.**

**Bankruptcy No. 82–00046.**

United States Bankruptcy Court, D. Vermont.

May 24, 1982.

Scott Smith, Rutland, Vt., for Vermont Inv. Capital, Inc., with its president, Harold Jacobs; debtors and their atty., Tavian M. Mayer, South Royalton, Vt.

MEMORANDUM AND ORDER AS TO APPLICATION OF VERMONT INVESTMENT CAPITAL, INC., TO EXTEND TIME TO FILE OBJECTIONS

CHARLES J. MARRO, Bankruptcy Judge.

The Motion of Vermont Investment Capital, Inc., for Extension of Time to file Objections to Discharge of its debt came on for hearing, after notice.

The records in this case indicate that Vermont Investment Capital, Inc., by its president, Harold Jacobs, forwarded to this Court a Complaint objecting to the discharge of its debt. A notice of the forwarding of this Complaint to the Court was transmitted to Tavian Mayer, Esquire, attorney for debtors; Richard Hill, Esquire, who was attorney for Vermont Investment Capital, Inc.; and to the Trustee, David Robinson, Esquire.

The last day for filing a complaint objecting to the discharge or a complaint to determine dischargeability of debt was fixed in the Order for the First Meeting of Creditors as April 2, 1982. On March 5, 1982 the Court returned the Complaint to Harold Jacobs, president of Vermont Investment Capital, Inc., with notification that it has been established by case law that an officer of a corporation may not appear for it in a legal proceeding in the United States District Court and now also in the United States Bankruptcy Court unless he is admitted as an attorney to practice in that Court. It was also pointed out that in the event the Vermont Investment Capital, Inc., wished to file a complaint to determine dischargeability or objecting to the discharge it would be necessary for the corporation to obtain the services of an attorney admitted to practice in the United States Bankruptcy Court and forward a filing fee of $60.00; also that such a complaint would have to be filed by April 2, 1982. Such a complaint was not received by the Court, but on May 3, 1982, Vermont Investment Capital, Inc., through its attorney, S. Scott Smith, Esquire, of Carroll, George and Pratt, Esquires, filed a Motion for the Extension of time to file a Complaint.

At the hearing it was established that Richard L. Hill, Esquire, had been representing Vermont Investment Capital, Inc., and, apparently, Harold Jacobs as president of Vermont Investment Capital, Inc., intended to have Attorney Hill take whatever steps were necessary to press the Complaint which had been forwarded to the Court. Attorney Hill was a member of the firm of Carroll, George and Pratt, Esquires, at the time but he was then disassociating himself with the practice of law and leaving the firm. In the process the matter of filing the Complaint was given no further consideration until the Motion for Extension was submitted to the Court on May 3, 1982.

It has been established under Title 28, U.S.Code, § 1654, parties may plead and conduct their own cases personally or by counsel in all Courts of the United States but a corporation may not appear in such Courts through an officer unless he is licensed to practice law. See annotated cases under this statute. *Re Victor Publishers, Inc.*, 545 F.2d 285 (1st Cir.); *Mullin-Johnson Co. v. Penn Mutual Life Ins. Co.*, 9 F.Supp. 175; *Brandstein v. White Lamps, Inc.*, 20 F.Supp. 369.

It may be argued that the filing of a Complaint in a Court constitutes an appearance by the party so that the forwarding of the Complaint Objecting to the Discharge signed by Harold Jacobs as president of Vermont Investment Capital, Inc., constituted an appearance by him for the corporation. However, the extenuating circumstances consisting of his forwarding of notice to his attorney, Richard Hill, Esquire, implied that he did not intend to represent the corporation. It was also so argued at the hearing. In view of this it could very well be that this Court was in error in returning the Complaint, and this mistake was compounded by virtue of the fact that the attorney for the corporation, Richard Hill, Esquire, was leaving the firm and this resulted in the failure to forward a timely complaint to determine dischargeability in behalf of Vermont Investment Capital, Inc.

The records of this Court also indicate that the first meeting of creditors which was held on April 2, 1982, was continued at the request of the Trustee so that he could obtain certain records and was not finally closed until May 5, 1982 upon the request of the Trustee.

The basis of the Motion for an Extension of time is apparently excusable neglect. Rule 409(a)(2) authorizes the Court for cause, on its own initiative or on application of any party in interest, to extend the time fixed for the filing of a complaint to determine dischargeability. Excusable neglect would constitute cause. Interim Rule 4002 modifies Bankruptcy Rule 404 but the modification is not pertinent to this case. In addition, 906(b)(2) of the Rules of Bankruptcy Procedure permits enlargement of time upon application made after the expiration of the specified period where the failure to act was the result of excusable neglect.

 In the instant case the Court is now satisfied that Vermont Investment Capital, Inc., was acting in good faith in attempting to file the Complaint which its president submitted to the Court. In addition, there does not appear to be any prejudice to the Debtors especially in view of the fact that the first meeting of creditors was continued and not closed until May 5, 1982.

It has been held that excusable neglect is a flexible concept which requires a showing of good faith by the party seeking an extension of time, a reasonable basis for the noncompliance within the required time period and lack of prejudice to the opposing party. *In Re Murphy*, 1 B.R. 736 (Bkrtcy.S. D.Cal.1979), *In Re Klayer*, 13 B.R. 542, 545 (Bkrtcy.Ky.1981).

The Court is convinced that Vermont Investment Capital, Inc., has established excusable neglect and, therefore, has shown cause for an extension of time to file its Complaint either objecting to the discharge or to determine the dischargeability of the debt owed by the Debtors to it.

### ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED that the time for Vermont Investment Capital, Inc., to file its Complaint is hereby extended to JUNE 15, 1982.