**In re David W. ABRAMS, Debtor.**

**HOUSEHOLD FINANCE CORPORATION, Plaintiff,**

v.

**David W. ABRAMS, Defendant.**

Bankruptcy No. 83–0638.
Related Case: 83–00272.

United States Bankruptcy Court, N.D. Ohio, W.D.

Oct. 27, 1983.

Richard J. Szczepaniak, Toledo, Ohio, for plaintiff.

Jim Slagle, Marion, Ohio, for defendant.

MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before this Court upon the Motion to Dismiss the Complaint filed by the Defendant. The Complaint was filed by a creditor who objects to the Debtor's discharge. For the reasons set forth below the Motion to Dismiss is Denied.

FACTS

The Debtor filed his voluntary Chapter 7 Petition on February 15, 1983. The Order setting the date for the first meeting of creditors established July 7, 1983, as the last day for the filing of complaints objecting to discharge. On June 24, 1983, counsel for the Plaintiff sent a letter to the Debtor's counsel indicating that if their dispute could not be resolved by July 1, 1983, a Complaint would be filed. The Debtor's counsel returned the Plaintiff's counsel's letter on July 1, 1983, in which he indicated that the differences could not be settled. Counsel for the Plaintiff states that the letter was received on July 5, 1983, and that the Complaint was dictated the same day. The Complaint was not filed until July 8, 1983. The present Motion asks this Court to dismiss the Complaint on the grounds that it was not timely filed.

LAW

Bankruptcy Rule 906(b) states in pertinent part:

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect..."

Bankruptcy Rule 404(c) states that:

"The court may for cause, on its own initiative or on application of any party in interest, extend the time for filing a complaint objecting to discharge."

These provisions indicate that the Court in its discretion is permitted to grant extensions of time to a party when a proper showing has been made. These provisions should be applied liberally so as to afford the parties the opportunity to have the issues decided on their merits, provided the rights of any party are not prejudiced. *In re Murphy,* 1 B.R. 736 (Bkrtcy.S.D.Cal. 1979), *Recile v. Ward,* 496 F.2d 675 (5th Cir.1974). The circumstances of each case must be examined on a case-by-case basis to determine the merits of the request for extension. *In re Magouirk,* 16 B.R. 883 (Bkrtcy.App. 9th Cir.1982).

In the present case, the Plaintiff should have applied for an extension of time prior to filing its Complaint. However, enforcement of this otherwise technical error would not serve the expeditious handling of this case and would not change the outcome of the Motion once the error was corrected.

In *In re Peterson,* 15 B.R. 598 (Bkrtcy.N.D.Iowa 1981), the Court held that the Plaintiff's complaint, which was filed three days after the deadline, was not timely filed, and was dismissed. The Plaintiff had mailed the complaint to the Court on the Friday deadline, but it was not received and filed until the following Monday. The Court did not indicate why the Plaintiff had waited until the deadline was upon him to file the Complaint.

In *In re Lowther,* 33 B.R. 586 (Bkrtcy.N.D.Ohio W.D.1983), a case just recently decided by this Court, it was held that the failure to obtain service within the prescribed time was grounds upon which to dismiss the complaint. The primary basis for dismissal was that the Plaintiff made no showing as to why he had waited until the deadline to file the complaint, and did not request an extension until one month after the Defendant requested a dismissal.

In the present case the record indicates that the parties were aware of the dispute prior to the deadline for filing, and were apparently attempting to resolve the matter without litigation. Although it remains unclear as to why the Plaintiff waited until the deadline to pursue a settlement, it does appear as though it made an earnest effort to avoid litigation, and that it attempted to file the Complaint on time once the effort to settle became futile. It does appear that the Debtor was advised as to the potential for litigation prior to the expiration of the deadline. In the light of that knowledge, a one day delinquency should not deprive him of his right to a determination as to which debts will and will not be discharged. Therefore, the Court concludes that the Plaintiff should be allowed to pursue the merits of its Complaint.

In reaching these conclusions this Court has considered all of the evidence and arguments of counsel, whether or not they are specifically referred to in this Opinion.