**In re Rex MULLINS, Carol Sue Mullins, Debtors.**

**MINERS & MERCHANTS BANK & TRUST COMPANY, Plaintiff,**

**v.**

**Rex MULLINS, et uxor, Defendants.**

**Bankruptcy No. 7–85–00250–A. Adv. No. 7–85–0131.**

United States Bankruptcy Court, W.D. Virginia, Abingdon Division.

Dec. 9, 1985.

James P. Carmody, Richlands, for debtors/defendants.

Street, Street, Street, Scott & Bowman, Grundy, Va., for plaintiff.

Robert E. Wick, Jr., Bristol, Va., trustee.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue for determination is whether Counsel for the Plaintiff, Miners and Mer-

chants Bank and Trust, has made out a case of excusable neglect which will permit the late filing of a Complaint objecting to dischargeability of a debt. Debtor/Defendants object and contend that excusable neglect has not been shown.

Briefly stated, the facts appear as follows. The Debtors, Rex and Carol Sue Mullins, filed their Chapter 7 petition in this Court on March 8, 1985. They listed Miners and Merchants Bank and Trust, the Plaintiff herein, on their schedules as a secured creditor in the amount of $6,454.95, and secured by a lien evidenced on the certificate of title on the Debtors' mobile home.

On March 15, 1985, the Clerk of this Court mailed to all creditors, including the Plaintiff, a notice of the filing, which stayed all collection proceedings pursuant to 11 U.S.C. § 362(a). The Order and Notice also set the § 341 Meeting of Creditors for April 17, 1985 and fixed the deadline for filing objections to discharge or a Complaint to determine dischargeability as sixty (60) days from that date.[1] 11 U.S.C. § 523(c), *Rules* 2002, 4004, 4007.

On April 26, 1985, the Plaintiff, by Counsel, and the Trustee filed an application for abandonment of the Debtors' mobile home. On May 21, 1985, Plaintiff filed a motion for relief from the stay and a Consent Order granting same. The Order was entered on May 23, 1985 and served upon Counsel of record. Upon receipt, Counsel gave oral notice to the Plaintiff, who sent agents to examine the collateral and determine the most effective method of its removal.

Upon inspection, the Plaintiff's agents found the mobile home to be in a deteriorated condition. The agents attempted to negotiate an agreement with the property owners, relatives of the Debtors, for salvage of the collateral. No Complaint was filed with this Court as of the designated deadline pursuant to the notice.

On June 21, 1985, Counsel for the Plaintiff mailed to the Clerk of this Court a Complaint seeking to deny the Debtors a discharge of the debt pursuant to 11 U.S.C. § 523(a)(6). The Complaint was received and filed on June 24, 1985, beyond the deadline of sixty (60) days following the first date set for § 341 Meeting of Creditors. Thereafter, Counsel for the Debtors filed a motion to dismiss the Complaint and to show cause why the Plaintiff should not be held in contempt. The motion also sought attorney's fees and costs. The motion was heard on October 9, 1985 and, upon Plaintiff's motion, an Order entered granting Plaintiff ten (10)˙ days within which to file an application for leave to show excusable neglect. *Rule* 9024. Said motion was timely filed and the matter set for hearing on November 25, 1985. Upon hearing, the motion was taken under advisement for decision.

Simply stated, the basis of Plaintiff's motion for excusable neglect is that upon receipt and notice of this Court's Order of May 23, 1985 modifying the stay, Plaintiff had only thirteen (13) days in which to inspect the collateral, determine the injury done thereto, and to apprise its Counsel accordingly so that a Complaint could be filed objecting to discharge. Of that time, Counsel for the Plaintiff was involved in out-of-town court appearances and related matters for a total of eight (8) days and was therefore unavailable to work on the matter. Moreover, Plaintiff's Counsel contends that on June 10, 1985, prior to the filing deadline, an attempt was made to avoid litigation by negotiating the claim and making a settlement offer to Counsel for the Defendants. Given that the Defendants were on notice of a potential filing if negotiations fell through and that the Complaint was placed in the mail within days of the deadline and received by this Court within a week thereof.

The problems created by the late filing of Complaints and objections to discharge

---

**1.** The deadline fixed for filing objections to discharge or a Complaint to determine dischargeability in this case fell on Sunday, June 16, 1985. Accordingly, the deadline is extended to the following day, June 17. *Federal Rules of Bankruptcy Procedure*, 9006.

have been aptly described as "vexatious". *In re Young,* 1 B.R. 387, 390 (Bankr.M. D.TN 1979). As a court of equity, the Bankruptcy Court is required "to act with fairness not only to creditors but to debtors as well." *In re Anderson,* 5 B.R. 43, 46 (Bankr.N.D.OH 1980). This area of procedure highlights the conflicting interests of parties in bankruptcy proceedings. On the one hand is the interest of the debtor to have a "realistic opportunity for rehabilitation", *In re Fulton,* 3 B.R. 600, 602 (Bankr. E.D.MI 1980), which in discharging his debts will "afford him a fresh start in his economic life." *In re Vickers,* 577 F.2d 683, 686–7 (10th Cir.1978). It is recognized that a "chief purpose" of the Bankruptcy laws is to provide for a prompt and effectual settlement and administration of the debtor's estate. *Katchen v. Landy,* 382 U.S. 323, 328, 86 S.Ct. 467, 471, 15 L.Ed.2d 391 (1966); *see also Bailey v. Glover,* 88 U.S. (21 Wall.) 342, 22 L.Ed. 636 (1874). Accordingly, the debtor is entitled to rely on the deadlines fixed by the Rules of Procedure and the court to achieve this end.

On the other hand, there is the interest of the creditor to have a fair opportunity to file its Complaint. It is important that "justiceable matters be substantively considered and not barred by procedural technicalities, unless some important purpose is served." *In re Murphy,* 1 B.R. 736, 739 (Bankr.S.D.CA 1979). The just administration of a debtor's estate "should not be hindered by a too technical application of the rules." *In re Gerber,* 7 B.R. 910, 911 (Bankr.D.MN 1981).

█ In a recent decision, the Ninth Circuit Court of Appeals held that in considering a motion for leave to file an untimely objection to the discharge of an individual debt, a liberal construction should be given to the excusable neglect standard of 906(b), now *Rule* 9006(b) of the *Rules of Bankruptcy Procedure.* *In re Magouirk,* 693 F.2d 948, 951 (9th Cir.1982). *See also In re Hart,* 7 C.B.C. 479 (Bankr.D.NJ 1975); *In re Murphy,* 1 B.R. 736 (Bankr.S.D.CA 1979). However, other courts considering the issue have found a strict construction of the excusable neglect standard more appropriate. Because time is so integral to the Bankruptcy laws, the time limits that are imposed within which objections to discharge and Complaints to determine the dischargeability of debts must be filed should be narrowly construed. *In re Koritz,* 2 B.R. 408, 414 (Bankr.D.MA 1979); *In re Vickers, supra; Matter of Heyward,* 15 B.R. 629 (Bankr.E.D.NY 1981); *In re Digby,* 29 B.R. 658 (Bankr.N.D.OH 1983). This approach is more consistent with the general principle that objections to discharge in § 523 are to be strictly construed against the objecting creditor and liberally in favor of the debtor. 3 *Collier on Bankruptcy,* ¶ 523.05A at 523–15 (15th ed. 1985). *See also Gleason v. Thaw,* 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717; *Roberts v. Ford,* 169 F.2d 151 (4th Cir.1948); *Royal Indemnity Co. v. Cooper,* 26 F.2d 585 (4th Cir. 1928).

*Rule* 9006(b) provides for the enlargement of time for performance of acts in bankruptcy proceedings. This section, formerly *Bankruptcy Rule* 906(b), was patterned after and generally follows *Rule* 6(b) [2] of the *Federal Rules of Civil Procedure* and *Rule* 26(b) of the *Federal Rules of Appellate Procedure.* [3]

*Rule* 9006(b) provides that:

**2.** *Federal Rules of Civil Procedure Rule 6(b).*

"(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under *Rules* 50(b) and (c)(2), 52(b), 59(b), (d), and (e), 60(b), and 74(a) except to the extent and under the conditions stated in them."

**3.** *Federal Rules of Appellate Procedure Rule 26(b).*

"(b) Enlargement of Time. The court for good cause shown may upon motion enlarge the time prescribed by these rules or by its order

"(1) *In General.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period to permit the act to be done where the failure to act was the result of *excusable neglect.*

(2) *Enlargement Not Permitted.* The court may not enlarge the time for taking action under Rules 1007(d), 1017(b)(3), 1019(2), 2003(a) and (d), 4001(b), 7052, 9015(f), 9023, 9024.

(3) *Enlargement Limited.* The court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), 4004(a), 4007(c), and 8002 only to the extent and under the conditions stated in those Rules." (emphasis added)

■ As this Court noted in *In re Goode,* 3 B.R. 207 (Bankr.W.D.VA 1980), courts have unlimited discretion under *Rule* 906(b)(1), now *Rule* 9006(b)(1), to grant extensions of time for the performance of certain acts when application is made *prior* to the expiration of the time provided. The same is not true where the application is made after the time has expired for the performance of the act to which the time table applies. *See In re Gentry,* 1 C.B.C. 433 (Bankr.W.D.VA 1974); *In re McFarland,* 4 C.B.C. 77 (Bankr.W.D.WI 1975). Because the Complaint was filed after the expiration of the prescribed period, a showing of excusable neglect must be made. *In re Lee,* 18 C.B.C. 136, 140 (Bankr.E.D.VA 1978).

The factual presentation bearing on the question of excusable neglect must be decided upon its own peculiar and particular merits. No firm and fast rule can possibly be invoked for all cases to determine whether or not excusable neglect exists.

Neither the Bankruptcy Court nor the *Bankruptcy Rules* define the term "excusable neglect". However, a majority of courts addressing the issue have quoted approvingly the language of *In re Manning,* 4 B.C.D. 304, 305 (D.CT 1978):

"The words 'excusable neglect' are words of art, and are subject to the interpretation of the trier. The court has interpreted 'excusable neglect' as meaning the failure to timely perform a duty due to circumstances which are beyond the reasonable control of the person whose duty it was to perform."

*See In re Mickel,* 35 B.R. 28, 30 (Bankr. D.SC 1983), and the cases cited therein.

■ The Tenth Circuit has held that excusable neglect "requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." *In re Four Seasons Securities Laws Litigation,* 493 F.2d 1288, 1290 (10th Cir.1974). Other courts have similarly held that a reasonable basis must be shown. *See Matter of Heyward, supra; In re Elliano,* 9 B.R. 287, 288 (Bankr.E.D.NY 1981); *In re Gertz,* 1 B.R. 183, 185 (Bankr.C.D.CA 1979); *In re Murphy, supra,* at 738–9; *In re Roethe,* 3 B.C.D. 75, 77 (Bankr.W.D.WI 1977); *In re Starkey,* 1 C.B.C. 138, 142 (Bankr.W.D.WI 1973). An extension will not be granted where the delay could have been prevented by the diligence of the party. Ordinary negligence is not enough. *In re Starkey, supra,* at 142; *Matter of Heyward, supra; In re Digby, supra,* at 663.

for doing any act, or may permit an act to be done after the expiration of such time; but the court may not enlarge the time for filing a notice of appeal, a petition for allowance, or a petition for permission to appeal. Nor may the court enlarge the time prescribed by law for

filing a petition to enjoin, set aside, suspend, modify, enforce or otherwise review, or a notice of appeal from, an order of an administrative agency, board, commission or officer of the United States, except as specifically authorized by law."

The burden of proving the existence of excusable neglect falls on the party seeking extension of the time limitation. *Wise v. Capshaw*, 423 F.Supp. 1388, 1390 (E.D.VA 1977); *In re Rogers*, 2 B.R. 485, 487 (Bankr.W.D.VA 1979); *In re Vassar*, 3 B.C.D. 147 (Bankr.W.D.VA 1977); *Loving v. Lee*, 18 C.B.C. 136, 142 (Bankr.E.D.VA 1978); *In re Webb*, 8 B.R. 535, 537 (Bankr. S.D.TX 1981). Numerous courts have encountered the question of excusable neglect. In each case, there is no doubt that there has been negligence on the part of either counsel or counsel's client; the question then becomes whether or not the negligence is excusable.

The factors considered by the courts in determining the existence of excusable neglect include: (1) the adequacy of the notice provided; (2) the source of the delay and the sophistication of the creditor; and (3) the prejudice, if any, that will inure to the debtor should the objection be allowed. *Matter of Heyward, supra*, at 636; *In re Horvath*, 20 B.R. 962, 966–7 (Bankr.S. D.NY 1982).

Courts have found excusable neglect where there is doubt as to whether the creditor received adequate notice of the deadline for filing complaints, *In re Wooding*, 1 B.C.D. 451 (D.KS 1974), *In re Young*, 1 B.R. 387 (Bankr.M.D.TN 1979); where the Bankruptcy Court Clerk's Office delayed in docketing the Complaint, *In re Garrett*, 1 B.C.D. 1543 (Bankr.S.D.NY 1978); where the creditor mailed its Complaint prior to the deadline, but it was not filed with the court until afterwards, *In re Verzi*, 10 B.R. 99 (Bankr.S.D.FL 1981); where counsel misread or misunderstood the filing dates in the notice, *In re Gerber, supra, In re Canifax*, 7 C.B.C. 410 (D.OR 1976); or where the deadline occurred while counsel handling the case was leaving the firm, *In re Webster*, 22 B.R. 11 (Bankr.D.VT 1982).

However, courts have declined to find excusable neglect where late filing results from lack of knowledge of the law, *In re Young*, 1 B.R. 387 (Bankr.M.D.TN 1979), *In re Molnar*, 2 C.B.C. 174 (W.D.PA 1974); where the attorney was waiting for the outcome of a case in state court, *In re Rogers, supra;* where the late filing resulted from a breakdown of internal office procedures, *Matter of Heyward, supra, In re Biddy*, 7 B.R. 50 (Bankr.N.D.GA 1980); or where the delay resulted from matters within the control of the creditor, *In re Elliano, supra, In re Mickel, supra, In re Dibgy, supra.*

Applying these legal principles and factors to the facts of this case, we cannot find that a case of excusable neglect has been established. There is no dispute as to the adequacy of the notice to the creditor. The Order and Notice of Relief entered by this Court on March 15, 1985 clearly fixed the deadline for filing objections to discharge or a Complaint to determine dischargeability as sixty (60) days following the first date set for the § 341 Meeting of Creditors on April 17, 1985. The Plaintiff had until June 16, 1985 to file such objections. Relief from the stay was granted on May 23, 1985 for the Plaintiff to recover its collateral. Upon being informed of such in late May, inspecting the collateral and viewing its condition, the Plaintiff had ample opportunity to file its Complaint by the June 17, 1985 deadline. We do not find that the parties were in negotiation as to a settlement as late as June 10, 1985, a mitigating factor in this case. Even after negotiations broke down, Counsel had one week left until the deadline within which to file a Complaint or a motion for extension of time.

Neither do we find Counsel's proof of his busy workload during this period as a basis for excusable neglect. Even assuming as true Counsel's assertion that he was out of town or unavailable during eight of the thirteen days between notice of relief from the stay and the filing deadline, there still remained time in which a Complaint could have been filed. Moreover, had Counsel felt that this was not sufficient time within which to file a Complaint, it was sufficient time in which to file a motion for extension of time. (The Court notes that this firm

has eight attorneys, several of which have appeared from time to time in this Court.)

In addition to the grounds enumerated above, numerous courts have recognized that a heavy workload is not sufficient to support a finding of excusable neglect. *In re Parrish,* 13 B.R. 539, 542 (Bankr.W. D.KY 1981) (counsel involved in another trial the week preceding expiration of filing period); *In re Gertz, supra; In re Murphy, supra; In re Gideon,* 17 B.R. 826 (Bankr.D.ME 1982). When confronted with this issue on a previous occasion, this Court has expressly stated that "nowhere, however, is it recognized that counsel's heavy workload ... constitutes excusable neglect". *In re Rogers, supra,* at 487.

In considering this matter, the Court's attention is also drawn to *Pinero Schroeder v. Federal National Mortgage Association,* 574 F.2d 1117, 1118 (1st Cir.1978), a case involving a request for extension of time to appeal, in which the First Circuit stated:

> "We do not consider the fact that an attorney is busy on other matters to fall within the definition of excusable neglect. Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences."

*See also Maryland Casualty Co. v. Conner,* 382 F.2d 13 (10th Cir.1967) (fact that counsel is professionally engaged in other matters does not show excusable neglect within rule permitting extension of time for appeal); *Rowles, Winston & Co. v. Morrow,* 564 F.2d 189, 3 C.B.C. 1253 (5th Cir. 1978).

It is the conclusion of this Court that on the facts presented, Counsel's failure to file the Complaint within the appropriate time may be explainable; however, it does not constitute excusable neglect. Accordingly, it is'

ADJUDGED and ORDERED

that the Plaintiff's motion for excusable neglect be denied and its Complaint be dismissed and closed. Under the circumstances, the Plaintiff's motion for sanctions and fees is denied.