**In re Charles & Tonyua RASNICK, Debtor(s).**

**Arnie POE, Plaintiff(s),**

v.

**Charles RASNICK, et al., Defendant(s).**

**Bankruptcy No. 86–0160.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Jan. 21, 1987.

Kenneth Rudy, Marion, Ohio, for plaintiff.

Daniel E. Shifflet, Prospect, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion to Dismiss filed by the Defendant in the above entitled adversary action. The parties have filed their arguments relative to the merits of this Motion and have had the opportunity to respond to the arguments made by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion to Dismiss should be denied.

### FACTS

The facts in this case do not appear to be in dispute. The Defendant-Debtor filed his voluntary Chapter 7 Petition with this Court on March 14, 1986. In the notice which was sent to creditors, this Court established Monday, June 23, 1986, as the last day for the filing of Complaints objecting to the Debtors' discharge. On June 17, 1986, the Plaintiff's counsel mailed to this

Court the Complaint in this case from his office in Marion, Ohio. It was received by the Clerk of this Court on or about June 19, 1986. However, it appears that the Plaintiff neglected to include with the Complaint the case "cover sheet" or the requisite filing fee. The Clerk's Office telephoned Plaintiff's counsel and advised him of these omissions.

On the same day as he was notified, Plaintiff's counsel deposited in the mail the cover sheet and a check for the filing fee. He also included in this correspondence a Motion for extension of time in which to file the Complaint. The record indicates that the cover sheet, filing fee, and Motion were received in the Clerk's Office on or about June 23, 1986. However, on that same day Plaintiff's counsel received in the mail at his office the unfiled Complaint. The Court, on June 25, 1986, denied the Plaintiff's Motion for extension of time. Nevertheless, the Plaintiff filed the Complaint on June 26, 1986. In this action, the Plaintiff seeks a denial of the Debtors' discharge under the provisions of 11 U.S.C. § 727.

In the Motion presently before the Court, the Debtors seek a dismissal of this adversary proceeding. As grounds for this Motion, the Debtors assert that the Complaint was filed subsequent to the expiration of the period allowed for filing such actions. In opposing this Motion, the Plaintiff argues that the deficiencies in the filing of this case had been corrected prior to the expiration of the filing period, and that the case would have been timely filed had not the Clerk of this Court returned the Complaint to his office. They argue that such circumstances constitute excuseable neglect which should excuse his otherwise tardy initiation of this case.

## LAW

The provisions of Bankruptcy Rule 4004 state in pertinent part:

(a) **Time for filing complaint objecting to discharge; notice of time fixed.** In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).

Federal Rule of Civil Procedure 3, as made applicable by Bankruptcy Rule 7003, states:

A civil action is commenced by filing a complaint with the court.

The provisions of Bankruptcy Rule 9006 state in pertinent part:

(b) Enlargement.

(1) In general. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

It is well established that the provisions of Bankruptcy Rule 4004 operate as a statute of limitations for the filing of actions to deny a debtor a discharge. *See, Miners & Merchants Bank & Trust Co. v. Mullins (In re Mullins)*, 55 B.R. 618 (Bkcy.W.D.Va. 1985). However, a party may obtain an extension of that time subsequent to its expiration if it can show that the failure to timely comply was the result of excuseable neglect. *In re Nowacki*, 39 B.R. 35 (Bkcy. N.D.Ohio 1984). Although a party, when filing such actions close to the time limitation, assumes the risk of any defects in the filing process, *see, Holtgrieve v. Lowther (In re Lowther)*, 33 B.R. 586 (Bkcy.N.D. Ohio 1983), the circumstances of each case must be reviewed on their own merit. *Household Finance Corp. v. Abrams (In re Abrams)*, 35 B.R. 485 (Bkcy.N.D.Ohio 1983).

In the present case, the facts indicate that the Plaintiff had delivered to the Clerk's Office a Complaint objecting to the Debtors' discharge. It was delivered four (4) days prior to lapse of the filing limitation period. Pursuant to Federal Rule of Civil Procedure 3, this act was, in and of itself, sufficient to commence the action. While the absence of a cover sheet and the

filing fee placed into question the validity of the case's filing, they were not, under the rules, sufficiently defective so as to permit the Clerk to refuse to accept the Complaint for filing. Such deficiencies could be addressed by the Court at a later time. Since the filing of a complaint is only required to commence a case, the Clerk's refusal to accept the Complaint was an act which should not be held against the Plaintiff in this particular case. This is made especially apparent in light of the fact that the Plaintiff corrected the deficiencies in ample time to allow a proper filing of the case prior to the expiration of the filing period. Therefore, it must be concluded that the failure to timely file the Complaint was the result of excuseable neglect. Accordingly, the Motion To Dismiss should be denied.

As has been previously stated, a plaintiff bears the responsibility for insuring that a case is properly filed. Incumbent in that responsibility is the need to apprise himself of and comply with the actions required by the rules of procedure. Any defects which surface in a case filed near the statutory deadline cannot normally be characterized as excuseable neglect, inasmuch as the correction of such defects prior to the deadline will preclude any assertion that the case was not timely filed. However, since counsel for the Plaintiff affected corrective measures which, but for the actions of the Clerk, would have enabled the case to be timely submitted, it must be concluded that the filing of this case subsequent to the deadline is permissible in this case.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Debtors' Motion To Dismiss be, and is hereby, DENIED.