**In re HASKELL.**

**BROWNSTEIN v. HASKELL.**

No. 5232.

Circuit Court of Appeals, Seventh Circuit.

Dec. 8, 1931.

Chester V. Lorch and Frank E. Lorch, Jr., both of New Albany, Ind., and Telford B. Orbison, of Indianapolis, Ind., for appellant.

Walter V. Bulleit, of New Albany, Ind., and Albert F. Mecklenburger, of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and FITZHENRY, Circuit Judges.

EVANS, Circuit Judge.

This appeal is from an order denying appellant's petition to amend nunc pro tunc his petition for the bankruptcy adjudication filed against appellee. The amendment was to add the following phrase to the statement in the original petition of one transaction "said transfer and conveyance * * * being done * * * with intent to unlawfully hinder, delay and defraud your petitioner, a creditor" and to another transaction, the phrase "with intent to prefer said creditor * * * over your said petitioner, a creditor * * *." It was claimed by appellant

that these phrases had been omitted from the original petition through inadvertence.

Appellee has moved to dismiss the appeal because the order is not appealable. He argues that the order adjudging or refusing an adjudication was appealable, as provided by section 48 (a), 11 USCA, and concludes therefrom that an intermediate order granting or refusing an amendment was not reviewable by appeal or otherwise.

The motion to dismiss must be denied upon the authority of In re Bieler (C. C. A.) 295 F. 78.

This appeal was taken by virtue of section 47 (b), 11 USCA, and was authorized by this court. Such an order as is here before us was, before the amendment, reviewable by petition to review and revise. In re Gelino's Inc. (C. C. A.) 51 F.(2d) 875. After the amendment, upon authorization of this court, it was reviewable by appeal.

On what might be called the merits of the case, appellee contends: (a) That the original petition alleged that the alleged bankrupt had less than twelve creditors. This statement is attacked because it was made upon information and belief and did not state the averment as a positive fact. (b) He also argues that the original petition fails to show that the appellant was a creditor at the time of the alleged fraudulent transfers. (c) Likewise, he points out that the alleged petition gave the date the mortgage was recorded, but the essential date of its execution was omitted. (d) Finally, he argues that the petition to amend the original petition was not verified.

We are reluctant to disturb a ruling somewhat discretionary in character which refused to allow amendments to a petition for adjudication in bankruptcy due to the carelessness or indifference of counsel drafting the petition. The drafting of a petition for an adjudication in bankruptcy is not difficult, and it is surprising how frequently necessary allegations are missing. But in disposing of a motion to amend pleadings, the court should be prompted by a desire to do justice between the parties rather than to penalize counsel. Amendments to pleadings in all courts are therefore allowed with great liberality. See In the Matter of A. B. Claudon, 73 F.(2d) 876, decided by this Court, November 30, 1934; In re Plymouth Cordage Co., 135 F. 1000 (C. C. A. 8). In fact, a statute (28 USCA § 777) has been enacted, covering equity suits, to encourage the liberal allowance of amendments before and even during the trial of a suit. This liberality is not to encourage slovenliness in the drafting of pleadings. Far from it. It is due to a desire to place the drafting of the pleadings and the framing of the issues on a basis most certain to promote justice. In the instant case, if the amendments are not allowed, then the alleged debtor will have succeeded in conveying property to the benefit of one creditor and at the expense of all his other creditors. Such a preference he may not make within four months of the filing of the petition in bankruptcy. It is the filing of the petition that stops the running of the four months. It would be a most severe penalty imposed upon all the creditors of the bankrupt, of whom petitioner is but one, if his request for amendment were denied.

Looking to the objections themselves, it must be admitted that some of them are highly technical if not lacking altogether in merit.

For example, appellee argues that the petition to amend the original petition is not verified. We have found no rule which requires it to be verified. Had the petition to amend been allowed, the amendments to the petition could have been verified. Moreover, there was a verification to the petition upon information and belief. We think this was all that was required in view of the proposed amendments.

It was sufficient for the petitioner in the original petition to allege that the creditors of the alleged bankrupt numbered less than twelve and to make this statement upon information and belief. Surely petitioner was not required to allege a fact such as this of his own knowledge, when it was hardly possible that he should know such fact.

Likewise, the objection that the date of the execution of the mortgage was not given, fades away in the light of the allegation that said bankrupt executed a mortgage of real estate for the sum of $26,000 "while insolvent and within four months next preceding the date of this petition." The significant fact is not the date of the execution of the mortgage, but rather that it was within four months of the date of said petition.

The amendments which petitioner sought to incorporate were, we think, sufficient to make the petition good. Their allowance would not be prejudicial to the bankrupt although their disallowance might greatly benefit a creditor of said bankrupt. That creditor is not before the court.

Under all the circumstances we conclude that the court erred in the exercise of its discretion in refusing to allow the amendments.

The decree is reversed with directions to permit petitioner to file a properly verified petition for leave to amend nunc pro tunc the original petition. No costs on this appeal will be allowed appellant.