**CARR ENTERPRISES, INC., a corporation, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 82–1766.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 31, 1983.

Decided Feb. 7, 1983.

Gene Carr, Secretary Treasurer, Carr Enterprises Inc., appellant pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, William S. Estabrook, Mary L. Fahey, Attys., Tax Div., Dept. of Justice, Washington, D.C., for appellee; Philip N. Hogen, U.S. Atty., Sioux Falls, S.D., of counsel.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Carr Enterprises, Inc. appeals from the judgment of the district court, 539 F.Supp. 528,[1] finding tax liens on the Buffalo Trail Motel to be valid. The motel had been conveyed to the corporation by Gene and Frances Carr. The corporation had filed suit in state court to quiet title, contending that federal tax liens on the property were invalid. The United States removed the case to federal court and counterclaimed on the basis that the transfer was a fraudulent conveyance under South Dakota law. On this appeal the corporation claims that the

1. The Honorable Donald J. Porter, United States District Court for the District of South Dakota, Central Division.

filing of the liens deprived the Carrs of due process of law, that the conveyance of the property to the corporation was not fraudulent, and that the federal tax liens were invalid. We affirm.

In September 1975, the Carrs purchased the motel and at the same time formed Carr Enterprises, Inc. under South Dakota laws, ostensibly to avoid the South Dakota usury law limiting the interest rate on loans to individuals. The Carrs were soon thereafter involved in disputes with the Internal Revenue Service over the Carrs' income tax liabilities for 1972, 1973, 1974 and 1975. Gene Carr litigated his 1972 and 1973 tax liability in Tax Court. A deficiency for taxable year 1973 was assessed against Frances Carr in February, 1977. On May 25, 1978 the Tax Court ruled adversely to Gene Carr, finding additional taxes due for the taxable years 1972 and 1973. Further deficiencies were assessed against both Carrs in March 1979 for the taxable years 1974 and 1975.[2]

On May 29, 1978, the Carrs transferred their interest in the Buffalo Trail Motel, as well as their personal residence, to Carr Enterprises. At the same time, the motor vehicles owned by the Carrs were transferred to another corporation, D.C. Services Corporation, owned by the Carrs. The only consideration for these transfers was an issuance of stock by the corporations to the Carrs. On May 29, 1978, Gene Carr also transferred his majority stock in the two corporations to a church known as the Life Science Church, which appears to have been formed no earlier than May 25, 1978. Also on May 29, 1978, Gene Carr signed a printed form "vow of poverty" in connection with the formation of this church. The three church "trustees," who signed an acceptance of the church charter on May 29, 1978, were Gene Carr, Frances Carr and a Donna J. Hiles. Gene Carr was ordained as a minister of this church on May 25, 1978, although he testified that both before and after this occurrence he was a practicing Roman Catholic. The Carrs continued to control the motel, and to reside in the residence conveyed to the corporation.

The Government filed the tax liens against the motel on July 2, 1979 (for the liabilities of both Carrs for taxable years 1974 and 1975) and on July 29, 1980 (for the liability of Frances Carr for taxable year 1973) in the office of the Tripp County Register of Deeds. This suit was then filed.

■ This appeal is plagued by two procedural infirmities. The first is Gene Carr's appearance for the corporation. Though the corporation was represented by an attorney in the district court, Gene Carr, the corporation's secretary/treasurer appears on the appeal brief for the corporation, "pro se". Gene Carr is a chiropractor, and currently owns no interest in Carr Enterprises. The United States has filed a motion to dismiss for failure to prosecute pursuant to Eighth Circuit Rule 13, based on this pro se representation. It is settled law that a corporation may be represented only by licensed counsel. *Southwest Exp. Co. v. ICC*, 670 F.2d 53 (5th Cir.1982); *In re K.M.A., Inc.*, 652 F.2d 398 (5th Cir.1981); *Strong Delivery Ministry Association v. Board of Appeals of Cook County*, 543 F.2d 32 (7th Cir.1976). While 28 U.S.C. § 1654 protects parties rights to plead and conduct their own cases, that right has never been interpreted to allow an individual to appear for a corporation pro se.

■ Second, the corporation has no standing to assert the rights of the individual taxpayers. *See Warth v. Seldin*, 422 U.S. 490, 509–510, 95 S.Ct. 2197, 2210–2211, 45 L.Ed.2d 343 (1975); *Barrows v. Jackson*, 346 U.S. 249, 255, 73 S.Ct. 1031, 1034, 97 L.Ed. 1586 (1953); *Tileston v. Ullman*, 318 U.S. 44, 46, 63 S.Ct. 493, 494, 87 L.Ed. 603 (1943). Where, as here, taxpayers are urging their personal due process rights, the corporation is not the proper party to appear before the court.

While these grounds are sufficient for affirmance, we will briefly examine the merits of the case.

---

**2.** The deficiencies against both Carrs for 1974 and 1975 total approximately $110,000; the deficiency against Frances Carr for 1973 is approximately $1,500.

Appellant claims that the assessment of tax deficiencies for the years 1974 and 1975 violated the Carrs' fifth amendment and due process rights. This claim is wholly unsubstantiated. A demand for the deficiencies was sent to the Carrs on October 17, 1978. The record shows that an IRS agent made repeated attempts to examine the Carr's records, but that Gene Carr continually refused to make the records available, claiming various excuses. The taxpayers had the burden of showing that they were entitled to the deductions they claimed. *Interstate Transit Lines v. Commissioner,* 319 U.S. 590, 63 S.Ct. 1279, 87 L.Ed. 1607 (1943). The taxpayers are also required to maintain records and make them available to the government so that a determination of tax liability can be made. 26 U.S.C. §§ 6001, 7602 and regulations. The district court found that the Carrs failed to make their records available, and that the government's decision to assess tax deficiencies on that basis was neither arbitrary, nor a denial of due process.

Secondly, appellant urges that the tax liens were invalid and ineffective against the Buffalo Trail Motel, arguing that the corporation was a bona fide purchaser, and that there had been no audit by the IRS. The district court found that as the tax difficulties reached a climax in May, 1978

The Carrs therefore concocted a rather involved scheme to put their property beyond the reach of Government process, by first putting the bulk of their property in shell corporations, then by placing a majority of the stock in the corporations into a freshly formed "church". This court cannot allow the Carrs to get the benefit of these sham transfers.

The district court found that the May 29, 1978 transfer of the motel to the corporation was fraudulent conveyance under South Dakota law (S.D.C.L. § 54–8–1) and that the tax liens were valid against the motel property. Fraud is a question of fact. S.D.C.L. 54–8–4, *First National Bank of Beresford v. Anderson,* 291 N.W.2d 444 (S.D.1980).

The arguments asserted by the Carrs are totally lacking in merit.

The findings of fact are not clearly erroneous, and indeed are compelled by the record before the district court, and there was no error of law. Accordingly, we affirm the judgment of the district court. As we determine that the appeal is frivolous, it is ordered that appellant pay double costs.