**In re 1433 CORP., Debtor.**

**Bankruptcy No. 87–00982–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

April 30, 1987.

John W. Kozyak, Kozyak Tropin & Throckmorton, P.A., Miami, Fla., for Irving Sussman, Maurice Sussman, and Selig Sussman, as Trustees of The Florida Realty Mortg. Trust.

William C. Sussman, Miami, Fla., for Florida Realty.

Elliot Ginsberg, Frank Freeman, Miami, Fla., for debtor.

## ORDER OF DISMISSAL

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came before the Court on April 28, 1987, on the Motion to Dismiss or to Compel Debtor to Retain Counsel, which had been filed by Irving Sussman, Maurice Sussman, and Selig Sussman, as Trustees of The Florida Realty Mortgage Trust (hereinafter "Florida Realty"). The movants filed a supplement to their motion on April 1, 1987.

The debtor-in-possession, 1433 Corp., presented no evidence, oral or written. Its President, A.D. Robins, was not present at the hearing. Having reviewed the motion, heard argument of counsel, and reviewed the record, it is hereby

ORDERED and ADJUDGED that:

1. Florida Trust's motion is granted.

2. The Chapter 11 petition, which was signed by Mr. Robins, a non-attorney, and filed on the eve of a state court ordered foreclosure sale, is dismissed with prejudice and 1433 Corp. is prohibited from filing another petition under Title 11 of the United States Code for six months from the date of this order.

3. The voluntary petition was signed by Mr. Robins, in two separate places and it is obvious that he used two separate pens and signed his name in different manners.

4. The Court has reviewed the portions of the transcripts from the state court foreclosure action, which reflect that the state court judge, the Honorable David Levy, had advised Mr. Robins to retain counsel for the 1433 Corp. or to take advantage of the attorney that the Court had appointed to protect the interests of the corporation. Despite this advice and the appointment of a guardian ad litem in the state court action, Judge Levy found that an affidavit filed by Mr. Robins in opposition to the motion for summary judgment was both untimely and constituted the unauthorized practice of law by Mr. Robins. This was not allowed by Judge Levy and will not be permitted in this Court.

5. Corporations may not appear in federal courts through an officer unless he is

authorized to practice law. *See In re Webster*, 22 B.R. 11 (Bankr.Vt.1982) and 28 U.S.C. § 1654. *See also,* Bankruptcy Rule 9010(a) and the Advisory Committee Note to this Rule. This Clerk's office has been instructed not to accept corporate filings unless they are signed by an attorney and I must conclude that Mr. Robins' different signatures confused the Clerk's office.

6. This is a single asset case and it appears that there are very few creditors. The movants had lent 1433 Corp. the principal amount of $250,000 on or about March 24, 1986 and the Summary Final Judgment of Foreclosure reflects that interest was due from April 24, 1986. The unimproved, real property was to have been sold at a state court foreclosure sale on March 26, 1987 and would have been sold had Mr. Robins not have filed the Chapter 11 petition on behalf of the 1433 Corp.

7. The Court finds that the petition was filed by Mr. Robins for the purpose of delaying the foreclosure sale and was not filed in good faith.

8. 1433 Corp. was represented at the hearing by Mr. Elliot Ginsberg, an associate of Frank Freeman, the attorney who filed a Notice of Appearance on behalf of the corporation on April 9, 1987. The Court record does not reflect that 1433 Corp. sought court approval to retain Mr. Freeman's services. Neither Mr. Ginsberg nor Mr. Freeman are responsible for this dismissal. If Mr. Robins had sought their advice prior to the filing of 1433 Corp.'s Chapter 11 petition, they would have surely advised him that a corporation may not file its own petition or pleadings.

9. The dismissal of this case obviously dissolves the automatic stay and the movant and other creditors of 1433 Corp. may proceed to protect their interests in another forum.