**In re GLOBAL CONSTRUCTION & SUPPLY, INC., Debtor.**

**Bankruptcy No. 91–41663–399.**

United States Bankruptcy Court, E.D. Missouri, E.D.

April 25, 1991.

Mina Saiedy Nami, St. Louis, Mo., for Global Const. & Supply, Inc.

Jeffrey T. Weisman, Davis & Weisman, St. Louis, Mo.

### MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. The parties have stipulated that this is a "core

proceeding" which the Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157(b)(2)(O).

## DISCUSSION

On March 14, 1991, Larry Harting filed a Chapter 11 petition on behalf of Global Construction & Supply, Inc. ("Global"), of which he serves as president. The parties have stipulated that Mr. Harting is not an attorney and that Global is a corporation. The Court issued an order to show cause why this case should not be dismissed. Subsequent to the issuance of this order, attorney Mina Nami entered her appearance on behalf of Global.

This case presents two issues:

1. Whether an individual who is not licensed to practice law may file a Chapter 11 petition on behalf of a corporation; and

2. If such a filing is an unauthorized practice of law, whether the subsequent entry of appearance by a licensed attorney serves as a cure.

### I. Unauthorized Practice of Law

■ With respect the first issue, this Court holds that Mr. Harting's filing of a Chapter 11 bankruptcy petition on behalf of Global, a corporation, constitutes an unauthorized practice of law for the following five reasons. First, courts in the First, Second, Fifth, Sixth, Seventh, Eighth, Ninth, Eleventh, and Federal Circuits have held that a corporation may not appear *pro se* and must be represented only by licensed counsel.[1] In the Eighth Circuit, the court in *Carr Enterprises, Inc. v. United States*, 698 F.2d 952 (8th Cir.1983), stated:

"It is settled law that a corporation may be represented only by licensed counsel". Second, Bankruptcy Rule 9010(a) states:

> **(a) Authority to Act Personally or by an Attorney.** A debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act either in the entity's own behalf or by an attorney authorized to practice in the court, and (2) perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy.

However, immediately following this rule the Advisory Committee Note clearly states that this Rule does not purport to change prior holdings in which courts prohibited a corporation from appearing *pro se*. Third, while 28 U.S.C. § 1954 permits parties to manage and conduct their own cases personally or through counsel, the Eighth Circuit has concluded that this "right has never been interpreted to allow an individual to appear for a corporation pro se". *Carr Enterprises*, 698 F.2d at 953. Fourth, Section 2(F) of the Rules of the United States District Court for the Eastern District of Missouri, to which this Court is subject,[2] provides:

> **(F) Unauthorized Practice.** Any person who before his or her admission to the bar of this Court exercises any of the privileges of a member of such bar, without leave of Court first obtained, or who pretends to be entitled to do so, is guilty of contempt of court, and subjects himself or herself to appropriate punishment therefor, to be instituted in the same manner as provided in subsection (L) of the Rule.

1. *See In re Las Colinas Development Corp.*, 585 F.2d 7 (1st Cir.1978); *Dow Chemical Pacific, Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329 (2nd Cir.1986); *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20 (2nd Cir.1983); *National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602 (5th Cir.1984); *Donovan v. Road Rangers County Junction, Inc.*, 736 F.2d 1004 (5th Cir.1984); *Doherty v. American Motors Corp.*, 728 F.2d 334 (6th Cir.1984); *United States v. Tri–No Enterprises, Inc.*, 819 F.2d 154 (7th Cir.1987); *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423 (7th Cir.1985); *Carr Enterprises, Inc. v. United*

*States*, 698 F.2d 952 (8th Cir.1983); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir.1985); *Jones v. Hardy*, 727 F.2d 1524 (Fed.Cir.1984).

2. Pursuant to 28 U.S.C. § 157(a) a district court may provides that all cases and their proceedings arising under title 11 to the bankruptcy court in that district. Such referral has been effected in Rule 29(B)(1) of the Rules of the United States District Court for the Eastern District of Missouri. Thus, because this Court is a unit of the district court, it is subject to the rules effected by that court.

Finally, Mr. Harting's representation of Global constitutes a violation of Missouri law. Pursuant to R.S.Mo. § 484.020(1), no person may engage in the practice of law unless he or she is duly licensed to do so. The "practice of law" is defined in R.S.Mo. § 484.010 as,

> the appearance as advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court of record, commissioner, referee or any body, board, committee or commission constituted by law or having authority to settle controversies.

In addition, the Missouri Supreme Court has concluded that "a corporation may not represent itself in legal matters, but must act solely through licensed attorneys". *Reed v. Labor and Industrial Relations Comm'n,* 789 S.W.2d 19, 20 (Mo.1990) (citations omitted). In short, the Court believes it is clear from federal case law and statutes, the rules of this District, and Missouri law that Mr. Harting's representation of Global constitutes an unauthorized practice of law.

II. Cure By Subsequent Appearance

 Given the unauthorized practice of law, the Court must determine its effect on the filing of the petition in this case. In *In re 1433 Corp.,* 75 B.R. 55 (Bankr.S.D.Fla. 1987), the president of a corporation, a non-attorney, filed a Chapter 11 petition on behalf of the debtor corporation. Ruling upon a Motion to Dismiss or to Compel Debtor to Retain Counsel, the court concluded that the petition should be dismissed due to its improper signing by a non-attorney. 75 B.R. at 56. Based on logic and the remarkable factual similarity between *In re 1433 Corp.* and the instant case, this Court concludes that the petition was im-

properly filed and therefore should be dismissed as null and void.[3]

 Global argues alternatively that its attorney's subsequent entry of appearance serves to cure the improper filing of its petition. The Court rejects this argument, as it declines to allow a party to cure an impermissible filing in a case which, once dismissed, ceases to exist. Accordingly, it is

 ORDERED that the Court's Order to Show Cause is GRANTED and the Global's case is DISMISSED;[4] and the stays of Section 362 are annulled.

IT IS FURTHER ORDERED that all pending Motions and Applications be and they hereby are DENIED, as moot.

---

**3.** This result is further bolstered by *Reed v. Labor and Industrial Relations Comm'n,* 789 S.W.2d 19, 21 (Mo.1990), where the court concluded that any judgment rendered in a proceeding in which the corporation was improperly represented by a non-attorney is void.

**4.** The Court concurs with the decision of Judge McDonald in which he concluded that only an attorney can file a Chapter 11 case on behalf of a corporation. *In re Bellerive Springs Building Corp.,* 127 B.R. 219 (Bankr.E.D.Mo.1991).