**In re BELLERIVE SPRINGS BUILD-
ING CORPORATION, Debtor.**

**Bankruptcy No. 91–42122–293.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

April 25, 1991.

---

MEMORANDUM OPINION
AND ORDER

DAVID P. McDONALD, Chief Judge.

I.  JURISDICTION

This Court has jurisdiction over the par-
ties and subject matter of this proceeding
pursuant to 28 U.S.C. §§ 1334, 151, and 157
and Local Rule 29 of the United States
District Court for the Eastern District of
Missouri.  This is a proceeding pursuant to
28 U.S.C. § 157(b)(1), which the Court may
hear and determine.

II.  BACKGROUND

On April 3, 1991, the Court received a
Chapter 11 petition filed on behalf of Bel-
lerive Springs Building Corporation, Inc.
("Bellerive") by Larry Harting ("Harting"),
a non-lawyer who is the president, secre-
tary and sole director of Bellerive.  By
Order issued on April 3, 1991, the Court
directed the purported Debtor to show
cause why the petition should not be dis-
missed for failure to comply with the legal
requirements to proceed as a debtor under
Chapter 11 of Title 11 of the United States
Code.

At a hearing conducted on April 10, 1991,
Harting appeared on behalf of the corpora-
tion pro se and represented that Bellerive
is a corporation formed and in good stand-
ing under Missouri law.  Harting acknowl-
edged that he signed the Chapter 11 peti-
tion on behalf of Bellerive.  In addition,
Harting provided the Court with a copy of
the written consent of the sole director
authorizing the officers of the corporation
to file this Chapter 11 petition.  However,
he offered no case law or statutory authori-
ty in support of the proposition that Belle-
rive may proceed under Chapter 11 of the
Bankruptcy Code pro se.

Having reviewed the petition as sub-
mitted and for the reasons set forth below,
the Court finds no cause shown and holds
that the petition filed on behalf of Bellerive
Springs Building Corporation pro se is
without legal force or effect and, therefore,
the same shall be stricken and the case
dismissed.

III.  CONCLUSIONS OF LAW

A corporation is an artificial enti-
ty created under state law, it cannot act or
appear in person, but only through its
agents.  *Property Exchange & Sales, Inc.
v. Bozarth,* 778 S.W.2d 1, 3 (Mo.Ct.App.
1989).  In the federal courts it is settled

law that a corporation may be represented only by licensed counsel. *Osborn v. Bank of United States,* 22 U.S. (9 Wheat.) 738, 830, 6 L.Ed. 204 (1824); *Carr Enterprises, Inc. v. United States,* 698 F.2d 952, 953 (8th Cir.1983) (citations omitted). *See also, In re Odessa Mfg. Corp.,* 97 B.R. 1000, 1001 (Bankr.W.D.Mo.1989) (a corporation may not proceed pro se); *In re 1433 Corp.,* 75 B.R. 55, 56 (Bankr.S.D.Fla.1987) (corporate petition signed by non-attorney dismissed). Mr. Harting, the president, secretary and sole director of Bellerive, is not a licensed attorney and, as such, may not act on behalf of the purported Debtor in this Court.

Although Bankruptcy Rule 9010 permits an authorized agent of a debtor to appear and perform any act not constituting the practice of law, the Court finds that the initiation of a case under Chapter 11 clearly constitutes the practice of law. *See,* Advisory Committee Note (1983) to Bankruptcy Rule 9010 (citing *In re Colinas Dev. Corp.,* 585 F.2d 7 (1st Cir.1978)). *See also, In re 1433 Corp.,* 75 B.R. at 55. The Court notes that Harting did more than merely file the Chapter 11 petition; he completed legal forms and affixed his signature to documents submitted on behalf of the corporation. *Cf., In re Bachmann,* 113 B.R. 769, 773 (Bankr.S.D.Fla.1990) (preparation of Chapter 13 petitions by non-lawyer on behalf of others constitutes unauthorized practice of law). In federal court, non-lawyers may plead and conduct their own cases individually, but not those of others. 28 U.S.C. § 1654. Accordingly, it is axiomatic that a corporate Chapter 11 petition must be filed by a licensed attorney admitted to practice before the Bankruptcy Court.[1] Therefore, finding the Chapter 11 petition filed on behalf of Bellerive Springs Building Corporation to be an unauthorized act, it is

HEREBY ORDERED, ADJUDGED and DECREED that the Chapter 11 petition filed on behalf of Bellerive Springs Build-

ing Corporation is without legal force or effect and shall be and this same is STRICKEN; and

IT IS FURTHER ORDERED that the case is hereby DISMISSED without prejudice.

---

**1.** The Court concurs with the decision entered this date by the Honorable Barry S. Schermer wherein the court found that only an attorney

can file a Chapter 11 case. *In re Global Construction & Supply, Inc.,* 126 B.R. 573, 577 (Bankr.E.D.Mo.1991).