**In re DICK TRACY INSURANCE AGENCY, INC., Debtor.**

**Bankruptcy No. 96–43458.**

United States Bankruptcy Court, W.D. Missouri.

Jan. 21, 1997.

Christopher A. Cushman, Kansas City, MO, for Debtor.

Gary Barnes, Trustee, Kansas City, MO.

### ORDER

FRANK W. KOGER, Chief Judge.

Debtor Dick Tracy Insurance Agency, Inc., filed a petition for relief under Chapter 7 of the Bankruptcy Code on October 18, 1996. On November 12, 1996, the Chapter 7 Trustee filed a Motion to Dismiss and for Rule 9011 Sanctions.

In his motion, the Trustee alleged that the debtor was a Missouri corporation which was voluntarily dissolved on March 25, 1996. He further alleged that when the Debtor filed its bankruptcy petition, it did so in its corporate capacity. However, the petition was signed by Clinton R. Tracy in his capacity as the debtor's "Pres./CITIZEN/NECESSARY PARTY." Clinton R. Tracy is not an attorney, and so the debtor's petition appeared to be filed *pro se*. Furthermore, the Trustee alerted the Court to the fact that the debtor scheduled no assets and listed only a single unsecured creditor, the Internal Revenue Service, whose claim was listed as disputed and in the amount of $1.00. Due to these irregularities in the petition, the trustee requested that the petition be dismissed and that Rule 9011 sanctions be ordered against the debtor and/or Clinton R. Tracy.

On December 9, 1996, this Court conducted a hearing on the motion, at which time Christopher A. Cushman, an attorney, entered his appearance on behalf of the debtor. At the same time, Mr. Cushman filed a voluntary dismissal of the "improvidently filed" Chapter 7 petition. In response, the trustee reiterated his request for Rule 9011 sanctions in the form of his attorneys fees. Debtor's counsel was given five days to file suggestions in opposition to the trustee's motion for Rule 9011 sanctions, which suggestions were timely filed.

In its suggestions in opposition, counsel for Debtor states that the Debtor company's bankruptcy was the result of actions of the Internal Revenue Service, which has levied against the assignor[1] of the debtor, on account of taxes the IRS alleges to be owing from the debtor company. Further, counsel states that when Clinton R. Tracy filed the petition on behalf of the former corporation, Tracy was unsure of the legal formalities required under the circumstances, but that he had consulted the Bankruptcy Code and Rules, and did not believe he was prohibited from filing the petition. He maintains he filed the petition to the best of his ability.

There is no dispute that a corporation must be represented by counsel in a bankruptcy proceeding and may not file a petition *pro se*. *In re Global Const. & Supply, Inc.*, 126 B.R. 573, 574–75 (Bankr. E.D.Mo.1991); *In re Bellerive Springs Building Corp.*, 127 B.R. 219, 220 (Bankr. E.D.Mo.1991). Furthermore, the filing of a bankruptcy petition on behalf of a corporation by a non-attorney is the unauthorized practice of law and any such petition should be dismissed as null and void. *Id.* As mentioned, *supra*, after being alerted to its improper filing and then retaining counsel, Debtor voluntarily dismissed his petition for that reason.

The issue disputed here is whether, based on the improper filing, Debtor and/or Clinton R. Tracy are subject to Rule 9011 sanctions. Fed.R.Bankr.P. 9011 provides, in relevant part:

The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

---

**1.** Although the debtor refers to the "assignor" in its suggestions, it appears as though he intended to refer to "assignee" because the debtor claims all of the company's assets were sold or assigned when the company dissolved and the IRS is attempting to levy against that property now in the hands of an assignee.

and that it is not interposed for any improper purpose.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Imposition of sanctions when there is a violation of Rule 9011 is mandatory and not discretionary and are reviewed under a clearly erroneous standard. *In re Zaragosa Properties, Inc.,* 156 B.R. 310, 313 (Bankr.M.D.Fla. 1993); *In re Chisum,* 847 F.2d 597 (9th Cir.1988), cert. denied 488 U.S. 892, 109 S.Ct. 228, 102 L.Ed.2d 218 (1988).

The trustee cites *Zaragosa Properties* for the proposition that the *pro se* filing of a corporate petition in bankruptcy is a violation of Rule 9011, and because the imposition of sanctions is mandatory upon a violation of Rule 9011, sanctions should be imposed for that reason. Debtor responds that neither the *pro se* filing of a corporate bankruptcy petition nor the unauthorized practice of law constitutes a violation of Rule 9011 requiring sanctions be imposed. Debtor further contends *Zaragosa Properties* is distinguishable and states it could find no case in which sanctions have ever been handed down against an agent who filed in violation of the rule against *pro se* filing of a corporate bankruptcy petition.

■ Initially, the Court notes that there is conflicting authority as to whether Tracy can be sanctioned in his individual capacity for the improper filing. *Compare In re Chisholm Co.,* 166 B.R. 706, 713–15 (D.Colo.1994) (noting the conflicting authority as to whether the officer of a corporation who signs a pleading in his official capacity may be held liable personally for Rule 9011 sanctions and holding that under *Business Guides, Inc. v. Chromatic Communications Enterprises,*

*Inc.,* 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991), sanctions, if appropriate, must fall on the debtor corporation and not the individual officer who signed the pleading), *with In re Courtesy Inns, Ltd., Inc.,* 40 F.3d 1084 (10th Cir.1994) (also noting the conflicting authority including *Chisholm,* but disagreeing with that case). However, even assuming, *arguendo,* that Tracy could be sanctioned in his individual capacity, the Court does not believe sanctions are called for against either the debtor company or Tracy individually in this case.[2]

Unlike the situation in *Zaragosa Properties* wherein the court based its award of sanctions on the specific finding that it was "clear from the record that Ballard [who signed the petition *pro se* ] had no authority, and knew he had no authority, to file a Petition for Relief on behalf of the Debtor" *id.* at 313–14, the record is not so clear in this case. The petition itself does not indicate that an attorney must sign for a corporation, and it is reasonable to believe that Tracy read the rules and did not understand the petition must be signed by an attorney, particularly considering that the corporation is now dissolved. It also appears that immediately upon learning of the problem, he obtained counsel. Thus, the Court is convinced that Tracy believed, "to the best of [his] knowledge, information, and belief formed after reasonable inquiry" that he was authorized to sign the petition on behalf of the debtor.

■ The trustee then suggests Debtor and/or Tracy violated Rule 9011 by filing a petition and schedules which listed no assets, no income, no expenses, and only the one liability to the IRS in the amount of $1.00. As the business is now dissolved, the fact that it has no income or liabilities is reasonable. The Court concedes it was initially troubled by Tracy's listing no assets of any kind while at the same time listing in Schedule F (Creditors Holding Unsecured Nonpriority Claims) that the IRS holds a disputed

---

**2.** This Court notes that in the case at bar, Tracy signed the pleading as "Pres./CITIZEN/NECESSARY PARTY," and that even if this Court were to agree with the court in *Chisholm,* Tracy may have in fact signed in his personal capacity as

well. However, as discussed, *infra,* this Court is deciding the applicability of sanctions on other grounds, so it is not necessary to decide those issues herein.

claim in the amount of $1.00, and stating, "The IRS's claim is allegedly for *tax assessed against property of the estate, such claim exceeds the value of the interest of the estate in such property*." (Emphasis added). If the estate has property with value, why was it not listed?

However, in Debtor's suggestions in opposition to the motion, Debtor suggests that the business has no assets in that all of the business assets were sold or assigned to successor entities. Rather that levying against "property of the estate," it appears as though the IRS is attempting to levy against property the debtor, a dissolved corporation, which has been assigned to a successor. The Court finds that this explanation is adequate to resolve the discrepancy between the failure to list any assets but yet claim the IRS is attempting to levy against property of the estate.

As to the $1.00 debt to the IRS, Debtor claims that that representation is not factually false, essentially because the amount is disputed, and counsel maintains that Mr. Tracy simply did not know how to list the disputed amount. Counsel states, "The Code is certainly no help in this regard, and counsel can find no provision restricting debtors to enter only the amount alleged by the creditor to be due." While the usual practice in listing a disputed debt is to list an amount reasonably close to what the debtor believes the creditor will claim against the estate, counsel for Debtor is correct that a lay person's reading of the Bankruptcy Code and the forms may not provide such information.

In sum, the Court accepts Tracy's explanation that he filed the petition to the best of his knowledge, information, and belief formed after reasonable inquiry, that he believed it was a proper filing, and that it was not interposed for any improper purpose. As such, although the improper filing necessitated its dismissal, Rule 9011 sanctions are not warranted at this time. For those reasons, the debtor's petition is hereby DISMISSED and trustee's motion for Rule 9011 sanctions is DENIED.