### In re IFC CREDIT CORPORATION, Debtor.

### No. 09 B 27094.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Dec. 16, 2009.

William Dorsey, Deidre Richards, Kristin Mihelic, Inez Markovich, for Plaintiff.

Cindy M. Johnson, Chicago, IL, for Defendant.

David P. Leibowitz, Waukegan, IL, Trustee.

## ORDER ON FIRST CHICAGO BANK AND TRUST'S MOTION TO DISMISS CHAPTER 7 CASE

JACQUELINE P. COX, Bankruptcy Judge.

In this matter, a creditor, First Chicago Bank and Trust (FCBT), moves to dismiss the bankruptcy case of Debtor, IFC Credit Corporation (IFC), pursuant to the nullity rule which voids legal proceedings filed *pro se* on behalf of corporations.

The following entities have joined FCBT's motion to dismiss: Lakeland Bank, Equipment Leasing Division; Co-Activ Capital Partners, Inc.; and Manufacturers and Traders Trust Company. *See* Case No. 09–bk–27094, Docket Nos. 350, 361 and 384.

The following entities oppose the motion to dismiss: Arthur Levinson and Leonard Ludwig; West Suburban Bank; and the Debtor. *See* Case No. 09–bk–27094, Docket Nos. 354, 358 and 369.

## I. JURISDICTION

The court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) as a matter concerning the administration of this bankruptcy estate.

## II. BACKGROUND

The Debtor, one of the top 100 leasing companies in the United States, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 27, 2009. Earlier that day the Debtor's President William Purcell (Purcell) announced at a hearing in state court that a bankruptcy petition would soon be filed on the Debtor's behalf. In that state court proceeding FCBT was seeking appointment of a receiver. The petition filed later that day did not bear an attorney's signature; it bore only the signature of Purcell.

It is black letter law that no layperson can purport to represent a corporation, that a corporation may proceed in legal matters only through an attorney. Where a corporate entity initiates a proceeding *pro se*, the proceeding is void *ab initio*. The Illinois Appellate Court stated in *Edwards v. City of Henry*, 385 Ill. App.3d 1026, ——–——, —— N.E.2d ——, ——–——, 2008 WL 4981555 at *10–11 (3d Dist.2008) that:

> The principles prohibiting the unauthorized practice of law are well established. A corporation may not initiate actions in courts of this state unless the corporation is represented by an attorney. *Siakpere v. City of Chicago*, 374 Ill.App.3d 1079, 1081, 313 Ill.Dec. 512, 872 N.E.2d 495 (2007). A complaint

drafted by a nonattorney on behalf of a corporation constitutes the unauthorized practice of law rendering the pleading a nullity and any judgment entered on it void. *Housing Authority of the County of Cook v. Tonsul,* 115 Ill.App.3d 739, 740, 71 Ill.Dec. 369, 450 N.E.2d 1248 (1983). An attorney's subsequent appearance and adoption of a complaint improperly drafted by a nonattorney does not absolve the drafter of the unauthorized practice of law. *Tonsul,* 115 Ill.App.3d at 740, 71 Ill.Dec. 369, 450 N.E.2d 1248; *Francorp, Inc. v. Siebert,* 211 F.Supp.2d 1051 (N.D.Ill.2002).

On July 28, 2009, one day after the initial filing, an amended petition was filed on behalf of IFC bearing the signature of Attorney Cindy M. Johnson.

 Federal Rule of Bankruptcy Procedure 1009 provides for a general right to amend. It states that a voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. The rule requires that the debtor shall give notice of the amendment to the trustee and to any entity affected thereby.

By insisting in this matter that the original petition is void for all purposes henceforth, FCBT fails to distinguish between the situation where an attorney subsequently files an appearance in a void proceeding and the situation where a petition is legitimately amended pursuant to Federal Rule of Bankruptcy Procedure 1009.

FCBT relies on a number of cases, all of which are distinguishable. In *In re Tivoli,* No. 99 C 6657, 1999 WL 984392 (N.D.Ill. 1999) a bankruptcy judge dismissed a bankruptcy case finding it void from the beginning because it was filed not by a lawyer, but by the debtor's nonlawyer president. The bankruptcy court denied the debtor's motion to vacate the dismissal. To get the automatic stay reimposed as of the initial filing date to invalidate actions taken in a state court foreclosure action after the dismissal, the debtor sought from the bankruptcy court leave to amend the petition, amendment of the dismissal order and reinstatement of the case as of its initial filing date and employment of counsel on the debtor's behalf.

Appeal was sought in the district court. The order discusses black letter law that holds that nonlawyer corporate filings by nonlawyers are void *ab initio,* but does not discuss whether a bankruptcy petition can be amended to add the attorney signature and the required attorney involvement. Federal Rule of Bankruptcy Procedure1009 was in existence in 1999. There, the petition was not amended before the bankruptcy court dismissed the case; here it has been amended by authority of a rule that specifically allows a debtor to amend a petition *as a matter of course at any time before the case is closed.*

 A debtor does not have to obtain court approval for an amendment before the case is closed. *In re Michael,* 163 F.3d 526, 529 (9th Cir.1998). This permissive approach to amendments has been construed to give courts no discretion to reject amendments unless the debtor has acted in bad faith, concealed property or the amendment would prejudice creditors. *In re Yonikus,* 996 F.2d 866, 872 (7th Cir.1993). There the Seventh Circuit agreed with the position of other circuits regarding Bankruptcy Rule 1009(a), endorsing the "permissive approach" of allowing amendments to schedules, including lists of exempt property, at any time before the case is closed, with the caveat that an amendment may be denied upon a clear and convincing showing of bad faith by the debtor or prejudice to the creditor. *Id.*

In *In re Irmen,* 379 B.R. 299 (Bankr. N.D.Ill.2007) the bankruptcy court found

that an individual who served as a corporate creditor's president was precluded from representing the corporation pro se in an adversary complaint against a chapter 7 debtor. This ruling does not address whether Federal Rule of Bankruptcy Procedure 1009 allows the amendment of a petition.

In *In re Video Systems Design & Sales, Inc.*, 129 B.R. 196 (Bankr.W.D.Mo.1991) a bankruptcy court dismissed the bankruptcy petition of a corporation filed by a nonlawyer officer on the grounds that the filing amounted to the unauthorized practice of law and that the later appearance of an attorney did not cure the initial filing problem, regardless of the potential increase of expenses of administration and potential injury to creditors, because the case was a nullity. The one page opinion does not address whether a petition can be amended to include an attorney's signature. Apparently no amendment under Federal Rule of Bankruptcy Procedure 1009 was sought. Here we have more than a subsequent appearance by an attorney who may not have been involved in preparing the petition. The transcript of the July 27, 209 state court hearing reflects involvement of counsel in the preparation of the bankruptcy petition. No lawyer signed the original petition; however, the effort was not uncounselled. Because a lawyer was involved in the petition's preparation, its filing does not amount to the unauthorized practice of law.

In *In re Dick Tracy Insurance Agency, Inc.*, 204 B.R. 38 (Bankr.W.D.Mo.1997) the bankruptcy court noted that there was no dispute that a corporation must be represented by counsel in a bankruptcy proceeding and may not file a petition *pro se* and that any such petition should be dismissed as null and void. Again, that court did not face an amended petition filed by an attorney, which is the situation herein.

In *In re 1433 Corp.*, 75 B.R. 55 (Bankr. S.D.Fla.1987) the bankruptcy court dismissed a corporate bankruptcy petition filed by a debtor's nonlawyer president despite the subsequent appearance of counsel on behalf of the debtor. Again, that court did not face an amended petition.

In *In re Bellerive Springs Building Corp.*, 127 B.R. 219 (Bankr.E.D.Mo.1991) the bankruptcy court found that the debtor's president, secretary and sole director, Mr. Harting, engaged in an unauthorized act as a nonlawyer by filing a bankruptcy petition on behalf of a corporation when the law requires that such can be filed only by an attorney. Again, the court did not face or rule on an amended petition.

In *In re Global Construction & Supply, Inc.*, 126 B.R. 573 (Bankr.E.D.MO.1991) the bankruptcy court held that: (1) a non-attorney president's filing of a Chapter 11 petition on behalf of a corporation constituted the unauthorized practice of law; (2) the petition was improperly filed and accordingly should be dismissed as null and void and; (3) entry of an appearance by an attorney on behalf of the corporation did not cure the improper filing. Again, however, that court did not face or comment on a petition amended under Federal Rule of Bankruptcy Procedure 1009.

## III. THE U.S. TRUSTEE'S POSITION

The U.S. Trustee, through the testimony of one of its attorneys, urges the denial of the motion to dismiss. When the discrepancy regarding the original petition was brought to the attention of the U.S. Trustee the Debtor was advised to amend it, not to dismiss it and refile. Assistant United States Trustee Dean Harvalis testified at the hearing on this motion that his office has sought dismissals of bankruptcy cases initiated on behalf of corporate entities by nonlawyers if they don't cure it.

Transcript of Oral Argument at 45–46. Mr. Harvalis asked that the court construe the amended petition as a new petition and start from day two in the case.

## IV. CONCLUSION

■ The court finds that the amended petition is a new petition and that the amended petition was effective on the date of filing of the original petition as a function of the relation back doctrine. In *In re Bixby v. First National Bank of Elwood,* 250 F.2d 713, 716 (7th Cir.1957) the Seventh Circuit ruled that if an amended pleading does not set up a new matter or a new cause of action, it will be regarded as a continuation of the original, and will relate back so as to take effect as of the date when the original was filed. Federal Rule of Bankruptcy Procedure 15(c) provides that an amendment to a pleading relates back to the date of the original pleading in certain circumstances. To effectuate the Seventh Circuit's "permissive approach" (as noted above in *Yonikus* ) to allowing amendments, I find that the filing of the Amended Bankruptcy Petition herein on July 28, 2009 relates back to the July 27, 2009 filing of the original petition, i.e.,

that the subsequent filing replaces, or relates back to the original filing.

■ Mr. Harvalis argued at the hearing on the motion to dismiss that FCBT wants to force a refiling herein to obtain a new preference period. He suggests that FCBT is vulnerable to preference allegations for transfers made to it by the Debtor during the 90 day period before July 27, 2009 for which FCBT might escape liability if the Debtor has to refile this matter on a later date.[1]

Mr. Harvalis advised that if the court grants the motion to dismiss that there will be an immediate refiling, entailing a new date for an order of relief, new preference dates and the issue of how to handle the payments, distributions and administrative fees already encountered in this matter. He notes that these are sizable, confusing issues, none of which will contribute to the administration of the estate. Mr. Harvalis argues that sorting out these matters after a refiling would take away from the efficient administration of the Debtor's bankruptcy estate. The court agrees.

Counsel for FCBT argues that he warned all concerned early on about the filing discrepancy.[2] He does not explain,

---

**1.** Preferential transfers under federal bankruptcy law are generally defined in 11 U.S.C. § 547(b). Section 547 provides that the trustee may avoid (set aside) transfers of the debtor's interest in property:
 (1) to or for the benefit of a creditor;
 (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
 (3) made while the debtor was insolvent;
 (4) made—
(A) on or within 90 days before the date the petition was filed; or
(B) if the creditor was an insider, on or within one year before the date the petition was filed; and
 (5) that enabled the creditor to receive more than the creditor would have received if—

(A) the case were a case under chapter 7 of the Bankruptcy Code;
(B) the transfer had not been made; and
(C) the creditor received payment of such debtor to the extent provided by the provisions of chapter 7.

All five elements must be established for the trustee (or debtor-in-possession) to recover a preference. If the trustee fails to prove all five elements, a preference has not been established. If all five elements are established, creditors have a variety of safe harbors and defenses that may eliminate any liability.

**2.** Debtor's Attorney Cindy M. Johnson testified that FCBT's attorney did not contact her. Transcript of Oral Argument at 40.

however, why he waited from July 27, 2009 to November 3, 2009 to file the motion to dismiss herein.

 The doctrine of laches weighs heavily against granting FCBT the relief it requests, a finding that the initial filing is void *ab initio* requiring dismissal. Laches addresses delay in the pursuit of a right when a party must assert that right in order to benefit from it. *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 820 (7th Cir.1999). Laches applies here; the Debtor has shown that FCBT demonstrated an unreasonable lack of diligence by not filing its motion to dismiss sooner and that the Debtor has been prejudiced as a result. FCBT argues that dismissal would protect the legal system from the unauthorized practice of law, however, FCBT's delay, if the system is to be protected, left it open to the unauthorized practice of law for 3 months. The more significant problem is that in that three month period more than 300 docket entries have been made in this case.

All of the actions and situations that those docket entries represent would have to be declared void if the court grants the motion to dismiss. Each effort would have to be duplicated in a refiled case. The bankruptcy estate would have to absorb the costs of such an unnecessary duplication of effort. If the original petition was such a threat to our legal system that its filing was a nullity, its dismissal should have been sought immediately. The court recalls that before seeking bankruptcy protection the Debtor faced 450 lawsuits and has approximately 13,000 creditors. Those unique circumstances justify excepting this matter from the operation of the nullity rule.

Co–Activ Partners joined FCBT's motion to dismiss. Its counsel suggested that IFC's in-house lawyer did not want to sign the original bankruptcy petition. Transcript of Oral Argument at 52. There is no such proof in the record. When the attorney who signed the amended petition argued at the December 2, 2009 hearing in opposition to the motion to dismiss, she was not questioned or challenged about the circumstances surrounding the July 27, 2009 filing.

FCBT's counsel later admitted that circumstances leading up to the filing of the amended bankruptcy petition are unknown. Transcript of Oral Argument at 68.

The court rejects FCBT's suggestion that the Trustee should have raised the issue of this motion with the court in July. First Chicago Bank and Trust's Omnibus Reply in Support of Its Motion to Dismiss Chapter 7 Case, Case No. 09–bk–27094, Docket No. 375, pg. 10. The Debtor followed the instruction of Federal Rule of Bankruptcy Procedure 1009; there was nothing to report. Had FCBT directly brought this issue to the court's attention it would have been resolved quickly. In fact, this motion was given a briefing schedule on November 12, 2009, before the December 2, 2009 date of its first hearing.

FCBT suggests at page 14 of the above noted Reply Brief that the Trustee is engaged in forum shopping and wants to avoid a refiling for fear of not being reappointed upon a refiling of this bankruptcy matter. Mr. Harvalis does not support this assertion. Transcript of Oral Argument at 50.

While FCBT delayed pursuing its motion to dismiss the Trustee has made many efforts to administer this estate; he has filed 2 adversary proceedings herein: 09 A 01010 which seeks to protect the estate's access to insurance proceeds and 09 A 01230 which seeks recovery of preferential transfers from FCBT which was filed on October 20, 2009, before the motion to dismiss was filed.

The Debtor has been pursued in 450 lawsuits; it has 13,000 creditors. See

Trustee's Response in Opposition to First Chicago Bank and Trust's Motion to Dismiss Chapter 7 Case, Case No. 09–bk–27094, Docket No. 359, pg. 4. A three month delay in pursuing this motion to dismiss can cause havoc and confusion to such a large creditor body. A refiling would injuriously delay and prejudice the resolution of this bankruptcy case.

██ The court finds that a bankruptcy petition filed on behalf of a corporation by a nonlawyer is a nullity, but only until a debtor amends it under Federal Rule of Bankruptcy Procedure 1009.

In *In re Haskell,* 73 F.2d 879, 880 (7th Cir.1934) a trial court refused a creditor leave to amend an involuntary petition. The amendment would have alleged that transfers were intended to defraud or prefer a creditor. The Seventh Circuit held that the refusal to allow the amendment was an abuse of discretion, where the allegations sought to be added were omitted through inadvertence.

The Court of Appeals said:

We are reluctant to disturb a ruling somewhat discretionary in character which refused to allow amendments to a petition for adjudication in bankruptcy due to the carelessness or indifference of counsel drafting the petition. The drafting of a petition for an adjudication in bankruptcy is not difficult, and it is surprising how frequently necessary allegations are missing. But in disposing of a motion to amend pleadings, the court should be prompted by a desire to do justice between the parties rather than to penalize counsel. Amendments to pleadings in all courts are therefore allowed with great liberality. See In the *Matter of A.B. Claudon,* 73 F.2d 876 (7th Cir.1934), decided by this Court, November 30, 1934; *In re Plymouth Cordage Co.,* 135 F. 1000 (8th Cir.1905). In fact, a statute (28 U.S.C. 777) has been enacted, covering equity suits, to encourage the liberal allowance of amendments before and even during trial of a suit. This liberality is not to encourage slovenliness in the drafting of pleadings. Far from it. It is due to a desire to place the drafting of the pleadings and the framing of the issues on a basis most certain to promote justice. In the instant case, if the amendments are not allowed, then the alleged debtor will have succeeded in conveying property to the benefit of one creditor and at the expense of all his other creditors. Such a preference he may not make within four months of the filing of the petition in bankruptcy. It is the filing of the petition in bankruptcy that stops the running of the four months. It would be a most severe penalty imposed upon all the creditors of the bankrupt, of whom petitioner is but one, if his request for amendment were denied.

*Id.*

This court's concerns are identical to those expressed by the Seventh Circuit in the *Haskell* matter.

██ The court notes that the law concerning amendments may have become more permissive since the *Haskell* opinion was issued. There, leave of court may have been necessary to amend a petition. Federal Rule of Bankruptcy Procedure 1009 does not require leave of court to amend a petition. This reinforces the adage that amendments to pleadings are to be allowed liberally so that matters can be adjudicated on their merits.

Should this motion to dismiss be granted it could allow preferential transfers to go unchallenged, the same concern expressed in *Haskell.*

Another provision that supports the Debtor's amendment effort is Federal Rule of Bankruptcy Procedure 9011(a).

It provides that:

Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

The July 28, 2009 Amended Petition herein satisfies the prompt correction requirement of Federal Rule of Bankruptcy Procedure 9011(a).

First Chicago Bank & Trust's Motion to Dismiss is **DENIED.**