No. 3–07–0652

Modified Opinion Filed November 17, 2008 (Filed Aug 19, 2008)
IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| KENIN L. EDWARDS, Individually and as Sole Stockholder of Corsaw Log and Lumber, Inc., and as Sole Stockholder of Illinois River Holdings, Inc., | ) ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Marshall County, Illinois, |
| Plaintiff-Appellant and Cross-Appellee, | ) ) ) | |
| v. | ) ) | No. 07–CH–05 |
| THE CITY OF HENRY, an Illinois Municipal Corporation, | ) ) ) | |
| Defendant-Appellee and Cross-Appellant. | ) ) ) | Honorable John A. Barra, Judge, Presiding. |

Modified Upon Denial of Rehearing

JUSTICE WRIGHT delivered the opinion of the court:

On January 24, 2007, plaintiff Kenin L. Edwards filed a single-count, *pro se* complaint against defendant City of Henry requesting damages for alleged violations of the Illinois Antitrust Act (Act) (740 ILCS 10/1 *et seq.* (West 2006)). The City filed a "Motion to Dismiss and for Sanctions" claiming immunity under the Act (740 ILCS 10/5(15) (West 2006)) and alleging that plaintiff lacked a good-faith basis for the complaint. The motion also asserted that plaintiff, a nonlawyer, improperly sought to represent two corporations.[1] The trial court granted the City's motion to dismiss but denied the requested sanctions. Edwards subsequently filed a *pro se* "Motion to Reconsider" claiming status as both an individual and as sole stockholder of

_____

[1]In the caption of the notice of appeal and appellate briefs, plaintiff did not include any reference to Corsaw Log & Lumber, Inc., or Illinois River Holdings, Inc. Accordingly, we consider Edwards, as the sole appellant.

both corporations. The motion to reconsider also requested leave to amend the complaint. The court denied Edwards' motion to reconsider, and he appeals. The City cross-appeals from the denial of the motion for sanctions. We affirm in part and remand for further proceedings.

BACKGROUND

Plaintiff's complaint alleged that he was the sole stockholder of two Illinois corporations, Illinois River Holdings, Inc. (IRH) and Corsaw Log & Lumber, Inc. (Corsaw). According to the complaint, Corsaw was the record titleholder of 505 acres located in section 4 of Henry Township, located in Marshall County (County). The complaint stated that IRH was the titleholder of record of all mineral rights to the same 505-acre parcel, and Edwards individually owned mineral leases for the same land.

The complaint stated that, in 2003, Corsaw applied for a special use permit from the Marshall County zoning office to surface mine its 505 acres of land for sand and gravel. The City of Henry (City) opposed the application filed with the County because the land was within 1 ½ miles of the City's boundaries. Ultimately, Corsaw withdrew its request for a special use permit from the county zoning office and, according to Edwards' complaint, the corporation began mining the land in June 2004 without a special use permit.

According to the complaint, on June 9, 2004, the City instituted litigation against Edwards, Corsaw, and IRH to enjoin the mining operation in the County. The result of that litigation is not stated, and the case (Marshall County circuit court case No. 04–CH–16) apparently remained unresolved when the instant suit was filed in 2007.

The complaint further alleged that, in October 2006, the City and Ozinga Materials, Inc., (the developer), a wholly owned subsidiary of Ozinga Bros., Inc. (Ozinga Bros.), filed joint petitions for reclassification of their acreage located in section 10 of Henry Township within Marshall County, to change the zoning from county agricultural to city heavy industrial I-2, and requested annexation of the property to the City of Henry. The City contemporaneously began proceedings to amend the City's zoning ordinance to allow surface mining and the operation of a

2

port facility with access to the Illinois River. The joint petition provided that, in the event the developer, Ozinga Materials, Inc., acquired additional land in sections 4 and 9 of Henry Township, the developer agreed to enter into an annexation agreement and a covenant and impact fee agreement with the City for the additional property.

On November 8, 2006, the zoning board for the City heard testimony and comments at the public meeting, held to address the proposed rezoning of the property subject to the annexation agreement. The city attorney, Richard Joseph, stated that he drafted the covenant and impact fee agreement appended to the joint annexation petition of the City and the developer, Ozinga Materials, Inc. In this document, he included a provision that restricted the developer from allowing the use of the proposed port to transport materials mined from property located within 1½ miles of the City's corporate limits, unless the property was also subject to the terms of an annexation agreement with the City. Joseph explained that the purpose of this clause was to make it uneconomical for persons to mine property within this 1½-mile "collar" that the City did not want mined.

Based on Joseph's statement, the complaint alleged the purpose of the annexation petition was to make it uneconomical for a property owner, who did not have an annexation agreement with the City, to mine the section 4 property and thus diminished the value of the property in the event of a sale. According to Edwards, the City's conduct constituted a violation of the Illinois Antitrust Act by allowing the developer to acquire a monopoly over trade and commerce for the purpose of excluding him, Corsaw, and IRH as competitors. In the prayer for relief, "the plaintiff," Edwards, requested that the Court enter judgment in "their" favor and against defendant in excess of $50,000 and award "them" costs.

On February 22, 2007, attorney Jeffery E. Krumpe of the law firm Miller, Hall & Triggs, entered his appearance for the City and filed a motion to dismiss under section 2–619 of the Code of Civil Procedure (735 ILCS 5/2–619 (West 2006)). The City requested sanctions against Edwards under Supreme Court Rule 137 (155 Ill. 2d R. 137) alleging the complaint was not filed

in good faith. This motion stated that Edwards' complaint was defective and Edwards lacked standing because Corsaw owned the real estate, IRH owned all mineral rights beneath the property, and Edwards alleged he was the "owner of mineral leases related to the property" but attached nothing to the complaint to verify Edwards had any individual interest in the property. Additionally, the City's motion alleged that Edwards, a nonlawyer, previously had been admonished by the court in related litigation for the unauthorized practice of law by attempting to represent the corporations, Corsaw and IRH, in violation of the Illinois Attorney Act (705 ILCS 205/1 (West 2006)). Alternatively, the City asserted section 5 of the Act (740 ILCS 10/5 (West 2006)) provided the City with immunity from antitrust litigation. 740 ILCS 10/5 (West 2006).

On March 7, 2007, attorney Carl F. Reardon entered his appearance as counsel for Edwards, individually. Reardon did not amend, refile or redraft the complaint as signed by Edwards. Instead, Reardon moved for a substitution of Judge Scott A. Shore, as a matter of right (735 ILCS 5/2–1001(a)(2) (West 2006)), and the cause was reassigned to Judge John A. Barra. Next, Reardon filed a motion for disqualification of attorneys Joseph and Krumpe and the law firm of Miller, Hall & Triggs. On June 15, 2007, the court denied the motion to disqualify defense counsel without prejudice.

Attorney Krumpe argued the City's combined section 2–619 motion to dismiss and request for Rule 137 sanctions because Edwards frivolously filed the original complaint against the City. Krumpe emphasized that the Illinois Antitrust Act unambiguously stated that units of local government were immune from liability and that the City was a unit of local government as defined by article VII, section 1, of the Illinois Constitution (Ill. Const. 1970, art. VII, §1). Krumpe contended Reardon should not have filed a motion to disqualify or argued the motion to dismiss because the complaint was filed against the City in light of this immunity. Instead, Krumpe argued that Reardon had a duty to advise his client that statutory immunity barred the lawsuit.

In response, attorney Reardon argued that the City could only act within the authority

4

granted by the legislature. He contended that, since the section 4 property was located outside the city limits, the City could not claim immunity for unauthorized actions when the City joined with the developer to eliminate competition within a 1½-mile corridor outside the City's boundaries. In reply to Reardon's argument, attorney Joseph argued that the Illinois Supreme Court ruled that a municipality is authorized to enter into annexation agreements with respect to parcels of property located outside of its boundaries. (*Village of Chatham v. County of Sangamon*, 216 Ill. 2d 402, 429 (2005), citing 65 ILCS 5/11–15.1–2.1(a) (West 2002)). Finally, Reardon reiterated his position that the City was not authorized by the Illinois Municipal Code (65 ILCS 5/1-1-1 *et seq*. (West 2002)) to enter into an annexation agreement in violation of the State's antitrust law. A discussion between the court and the attorneys ensued discussing that the federal antitrust statutes did not include a similar immunity provision to that which was included in the Illinois Antitrust Act.

Following the parties' arguments, Judge Barra took a brief recess to review case law. When the hearing resumed, he asked the parties whether they were conversant with *Du Page Aviation Corp. v. Du Page Airport Authority*, 229 Ill. App. 3d 793 (1992). Judge Barra reviewed the appellate court's analysis of the Illinois Antitrust Act's immunity provision at issue in that case (Ill. Rev. Stat 1989, ch. 38, par. 60–5(14)) and observed that the immunity provision under the current Act (740 ILCS 10/5(15) (West 2006)) mirrored the provision considered in *Du Page Aviation*. The *Du Page Aviation* court ruled that the defendant airport authority was a "unit of local government" as defined by the Illinois Constitution of 1970 and was, therefore, immune from liability under the Illinois Antitrust Act.

Based on *DuPage Aviation*, Judge Barra granted the City's motion to dismiss with prejudice and denied sanctions. In so ruling, the court commented as follows:

"[W]hether the Illinois Legislature made a right decision or not, it's really not for me *** to decide what they are doing is legal or illegal. The question becomes, are they immune from the Illinois Antitrust Act?

5

And it seems about as plain of language as I can get, that it says it is. ***
[T]here is an Illinois Appellate Court case on point *** and there is [*sic*]
no other cases that say anything differently.

It's not saying what they did was even legal. The only thing
before me is whether it violates the Illinois Antitrust Act. And I believe
and the cases say that it is immune. * * * And it's not a question of
repleading, because even though you plead more facts, one thing you can't
plead is that it is not a unit of local government.*** And therefore ***
the motion is granted. The motion for sanctions is denied."

On July 13, 2007, Edwards, acting in an individual capacity and as "sole stock holder of
his corporations," filed a *pro se* "Motion to Reconsider." Citing *Lathrop v. Juneau & Associates,
Inc.*, 220 F.R.D. 330 (S. D. Ill. 2004), the motion requested leave to amend the complaint to
assert the antitrust claim against the city officials and its attorney on the ground that these
individuals acted outside the scope of their authority. Edwards did not attach a proposed
amended complaint to the motion.

On August 30, 2007, immediately before Edwards presented arguments in support of the
*pro se* written motion, attorney Reardon orally moved for leave to withdraw as Edwards'
attorney. Reardon noted that Edwards was bringing the motion for reconsideration without
counsel's assistance.

Edwards then addressed the court and argued that, pursuant to *Lathrop*, he should be
allowed 28 days to file an amended complaint to add city officials as parties and to allege that the
city attorney's conduct in drafting the annexation agreement exceeded the scope of his official
authority. In response, attorney Krumpe argued the immunity provision of the Act extended to
"the activities of the employees, agents and officers of a unit of local government" (740 ILCS
10/5(15) (West 2006)).

After hearing the parties' arguments, the court denied the motion to reconsider which

6

asked to amend the original complaint. Addressing the assertion that the city attorney acted outside his authority, the court observed, "[T]he only thing you've alleged now is that the lawyer may have given them bad advice. That doesn't make it outside the scope of authority." Edwards appeals this decision of the trial judge.

The City cross-appeals, contending that both plaintiff and attorney Reardon should be sanctioned for violating Supreme Court Rules 137 and 375 (155 Ill. 2d Rs. 137, 375).

ANALYSIS

I. Appeal

Proceeding *pro se* on appeal, Edwards does not identify himself in dual capacities, but continues to argue for relief for wrongs to the corporations. On appeal, Edwards does not distinguish the causes of action he may have as an individual from an interest as the sole stock holder of either corporation. Edwards generally argues the trial court abused its discretion in denying the request to file an amended complaint. In response, the City contends Edwards waived this issue by failing to tender a proposed amended complaint to the trial court. The City also argues that, waiver aside, nothing contained in the *pro se* "Motion to Reconsider" gives rise to a cause of action under the Act.

As a general rule, a motion to amend a complaint is a matter that lies within the trial court's sound discretion, and the court's decision will not be disturbed on review in the absence of an abuse of discretion. *Compton v. Country Mutual Insurance Co.*, 382 Ill. App. 3d 323, 331-32 (2008). An abuse of discretion is demonstrated if no reasonable person would take the view adopted by the trial court. *In re Marriage of Schneider*, 214 Ill. 2d 152, 173 (2005). A primary consideration in determining whether the court abused its discretion by denying leave to amend is whether the proposed amendment would cure the defective pleading. *Compton*, 382 Ill. App. 3d at 332, citing *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992).

The original complaint drafted by Edwards relied on the Illinois Antitrust Act as the only basis for the cause of action. 740 ILCS 10/1 *et seq.* (West 2006). Edwards' attorney

7

reemphasized this position in his argument during the motion to dismiss hearing. Edwards' complaint asserted that the City's contractual relationship with Ozinga Bros. has "made it uneconomical for *[p]laintiffs* to market *their* REAL PROPERTY." (Emphasis added.) The original complaint did not assert that Edwards was mining the property as an individual. Rather, the complaint alleged the corporation, Corsaw, began surface mining the land in 2004 without a special use permit. Additionally, the original complaint did not allege that the City's actions were unauthorized, only that the effect of the City's arrangements with Ozinga Bros. caused damages.

Section 5 of the Act contains 15 enumerated exceptions to the application of the Act and provides as follows:

> "No provisions of this Act shall be construed to make illegal:
>
> * * *
>
> (15) the activities of a unit of local government or school district *and the activities of the employees, agents and officers of a unit of local government or school district.*" (Emphasis added) 740 ILCS 10/5(15) (West 2006).

Citing *Lathrop v. Juneau & Associates, Inc.*, 220 F.R.D. 330 (S. D. Ill. 2004), Edwards requested the court to reconsider its dismissal and also requested leave to amend the complaint to assert the antitrust claim against the city officials and its attorney on the ground that these individuals acted outside the scope of their authority. Edwards did not attach a proposed amended complaint to the *pro se* motion.

As observed by the federal district court in *Lathrop*, the above-cited provision means that both municipalities and their employees, agents and officers are immune from liability under the Act. In *Lathrop*, the original complaint began by specifically naming individual municipal officers and claiming they committed a violation under the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §1961 *et seq.* (2000)) and engages in

8

a civil conspiracy to commit unlawful acts, both individually and in their official capacities. The court dismissed all allegations against Granite City or its municipal officers in their "official capacities," based upon municipal immunity, but ruled if Lathrop could make a showing that these individuals committed tortious acts independent of their municipal capacities, plaintiff was not precluded from proceeding on his claim for damages under the Illinois Antitrust Act. *Lathrop*, 220 F.R.D. at 336. The *Lathrop* court dismissed the charges relating to the city and the officials' acts in their municipal capacities, but allowed Lathrop time to amend his complaint to allege illegal acts committed by the municipal officials in their individual capacities.

In this case, unlike *Lathrop*, the complaint has not named any individuals or alleged facts indicating that any city official acted illegally, independent of their official capacities. The alleged antitrust violation cited by Edwards consisted of the City contracting with Ozinga Bros. and its wholly owned subsidiary, Ozinga Materials, Inc., to annex Ozinga Bros.' property and place controls on the port facility along the river which effectively eliminated competitors in the sand and gravel mining business. It is well settled that contracting with parties seeking to annex property is not an illegal municipal activity (65 ILCS 5/11–15.1–1 (West 2006)), and a municipality is not precluded from zoning property outside city limits when the property is subject to an annexation agreement. *Village of Chatham*, 216 Ill. 2d at 432-33.

Having failed to tender a proposed amended complaint to the trial court demonstrating an amendment would cure the defective pleading, and having failed to argue or present facts claiming that city officials acted outside the scope of their official authority or acted tortiously, Edwards' request to amend the complaint was inadequate. In sum, Edwards cannot overcome the bar of immunity in subsection 5(15) of the Antitrust Act. Accordingly, we conclude the trial court did not abuse its discretion by denying the request for leave to amend the complaint, and we affirm the court's ruling.

9

## II. The City's Cross-Appeal

Next, we consider the City's argument on cross-appeal that the trial court should have granted its motion for Rule 137 sanctions against Edwards and attorney Reardon. The City claims the court abused its discretion by denying Rule 137 sanctions against Edwards and Reardon. Supreme Court Rule 137 provides that the court may impose sanctions upon a party or his attorney, including the reasonable cost of defending an action, that is not warranted by existing law or an action that is interposed for an improper purpose, such as to harass, to cause unnecessary delay or to increase the expense of litigation. 155 Ill. 2d R. 137. The trial court's ruling on a motion for Rule 137 sanctions should not be reversed on review unless the trial court abused its discretion. *Dowd & Dowd, Ltd. v. Gleason,* 181 Ill. 2d 460, 487 (1998).

The purpose of the rule is to prevent parties from abusing the judicial process with vexatious actions unsupported by fact or law, not to punish litigants and their attorneys merely because they were unsuccessful in the litigation. *Dismuke v. Rand Cook Auto Sales, Inc.*, 378 Ill. App. 3d 214, 217 (2007); *Burrows v. Pick*, 306 Ill. App. 3d 1048, 1050 (1999). Since the rule is penal in nature, it is strictly construed. *Dowd & Dowd,* 181 Ill. 2d at 487.

Here, the City claims the trial court's denial of sanctions is not entitled to deference because the court "refused to take any evidence or even hear any arguments with respect to the City's motion." Our review of the report of proceedings does not support this assertion. The record shows that on June 15, 2007, the court heard several pending motions, including attorney Reardon's motion to disqualify counsel for the defense and the City's combined "Motion to Dismiss and for Sanctions." After denying Reardon's motion to disqualify, the court allowed attorney Krumpe to present the City's motion to dismiss and the request for sanctions. In support of the motion to dismiss, Krumpe asserted the case was "so simple [that the] court should dismiss the case with prejudice and award

10

sanctions."

Krumpe noted that, even though Edwards filed the complaint *pro se*, Reardon subsequently entered his appearance and prepared and presented other motions when he "should have told his client at that point that he had no claim." Krumpe argued that, since the Edwards complaint relied on the Illinois statutes, Edwards could not rely on cases interpreting the federal Sherman Act (15 U.S.C. §1 *et seq.* (2000)) holding that a "person" liable under the federal antitrust laws included a municipality because the federal law did not include a similar immunity provision (see, *e.g.*, *City of Lafayette, Louisiana v. Louisiana Power & Light Co.*, 435 U.S. 389, 400, 55 L. Ed. 2d 364, 374-75, 98 S. Ct. 1123, 1130 (1978)). Krumpe argued statutory immunity set forth in subsection 5(15) of the Illinois Antitrust Act applied to the City as a "unit of local government." Concluding, Krumpe stated:

> "We shouldn't be here. We shouldn't have to brief any of these motions
>
> or argue the motion to disqualify or any other motion because it is clear
>
> on the statute that there is no cause of action."

In response, Reardon argued, when the City acted without authority to affect land use situated beyond the geographical city limits, the City could not rely on the statutory immunity under the Illinois Act for those actions. Reardon suggested that it was incumbent on the City to show that it had specific authority to take the challenged action before it could claim immunity under subsection 5(15) of the Illinois Act.

The trial judge, after briefly recessing, invited the City's attorneys to reply to Reardon's argument. Attorney Joseph responded that the supreme court ruled, in *Village of Chatham,* that cities had authority to apply their own zoning codes and enter into contracts for purposes of annexing property situated outside of city limits. Concluding, Reardon pointed out that section 11 of the Act (740 ILCS 10/11 (West 2006)) provided that decisions of the federal courts should be used as a guide when construing language common to federal antitrust statutes and the Act,

11

but that the Act should not be construed to restrict powers granted to units of local government by state statutes and the Illinois Constitution.

In response to the court's inquiry, Reardon acknowledged that the federal antitrust statute did not contain an immunity provision similar to subsection 5(15) of the Illinois Antitrust Act. Continuing, Reardon posited that subsection 5(15) of the Illinois Antitrust Act should not be construed as a grant of blanket immunity, but immunity for actions taken by the City that were authorized by the Illinois Municipal Code.

The judge took another brief recess to read case law and, when the hearing resumed, he resolved the City's combined motion to dismiss and for sanctions. Relying on *Du Page Aviation*, which attorney Krumpe admitted he had read but not cited in his pleading, the court concluded that the City was immune from liability under the Act, even if the City's actions as alleged by plaintiff were beyond the City's authority. The court then granted the City's motion to dismiss with prejudice but denied its request for Rule 137 sanctions.

Based on this record, it is apparent to this court that the City was afforded the opportunity to present its combined motion to dismiss and request for sanctions based on the frivolous nature of the lawsuit. The record shows the court gave serious consideration to the positions of both parties and conducted independent research before ruling on the City's argument for dismissal. The court agreed that the complaint could not withstand the City's legal immunity challenge, even if an amended complaint was filed.

However, the City requested sanctions based on two grounds. First, the City claimed the action was frivolous in light of municipal immunity. Importantly, the City also requested sanctions on the grounds that Edwards did not have standing to assert the interests of either corporation without engaging in the unauthorized practice of law. The trial court did not address the unauthorized practice of law before denying sanctions.

In lieu of remanding this issue to the trial court to conduct a hearing to determine if Edwards engaged in the unauthorized practice of law by filing the complaint and thereafter

12

asking the court to reconsider the denial of the request to amend the complaint, we address the issue based on judicial economy.

The principles prohibiting the unauthorized practice of law are well established. A corporation may not initiate actions in courts of this state unless the corporation is represented by an attorney. *Siakpere v. City of Chicago*, 374 Ill. App. 3d 1079, 1081 (2007). A complaint drafted by a nonattorney on behalf of a corporation constitutes the unauthorized practice of law rendering the pleading a nullity and any judgment entered on it void. *Housing Authority of the County of Cook v. Tonsul*, 115 Ill. App. 3d 739, 740 (1983). An attorney's subsequent appearance and adoption of a complaint improperly drafted by a nonattorney does not absolve the drafter of the unauthorized practice of law. *Tonsul*, 115 Ill. App. 3d at 740; *Francorp, Inc. v. Siebert*, 211 F. Supp. 2d 1051 (N.D. Ill. 2002).

A sole stockholder cannot bring a lawsuit in his own name for a cause of action belonging to a corporation except under very limited circumstances that do not apply to this situation based on the language of this complaint. See *Brodsky v. Frank,* 324 Ill 110, 116-117 (1930); *Cashman v. Coopers & Lybrand*, 251 Ill. App. 3d 730, 732-733 (1993). A logical extension of this principle leads to the conclusion that an individual cannot bring an appeal in his name on behalf of separate corporate interests.

In this case, Edwards drafted the original complaint by identifying himself in dual capacities, individually and as the sole stockholder of the separate corporations. Acting in an individual capacity in the trial court, Edwards could not assert an ownership interest in the real estate as a basis for standing to challenge the annexation agreement requirement before gaining access to the city port. Instead, he relied on corporate interests to attempt to create standing by identifying himself as the only stockholder of the corporations that owned the land and mineral rights at issue. Additionally, Edwards requested damages by asserting that the terms of the annexation contract have made it uneconomical for *"Plaintiffs"* to market *"their REAL PROPERTY."* A nonlawyer who initiates a lawsuit to obtain relief on behalf of another person or

13

other corporate entities, other than himself, engages in the unauthorized practice of law.

Attorney Reardon entered his appearance without amending Edwards' complaint or denouncing the corporate interests that Edwards identified in the complaint. Reardon simply pursued the pleading and opposed the motion to dismiss presumably aware that the complaint was drafted by a nonlawyer on behalf of himself but alleging injuries sustained by two corporations. However, Reardon ended his involvement as counsel, shortly thereafter, with an oral motion to withdraw after Edwards filed a *pro se* motion for reconsideration to amend the original complaint, again filed in the dual capacity as individual and sole stockholder.

The City argues that attorney Reardon's oral motion to withdraw was ineffective. We disagree. In this case, the record shows that attorney Reardon did not file a written motion to withdraw as counsel for plaintiff as required. 134 Ill. 2d R. 13(c)(2)(3). However, neither Edwards nor opposing counsel objected to the oral nature of the motion. The record also shows that Edwards was allowed to argue the motion to reconsider requesting to amend the complaint before the court. Since the judge did not require attorney Reardon to argue the motion to reconsider and amend that had been prepared by Edwards, we conclude the trial court allowed the oral motion to withdraw without objection. We will not disturb the court's decision to deny sanctions against attorney Reardon.

The City's written request for sanctions under Rule 137 exposed Edwards' unauthorized practice of law but failed to directly challenge the complaint as void. Nonetheless, even after the court denied the City's first request for sanctions against Reardon and Edwards on June 15, 2007, Edwards once again identified his status as sole stockholder as part of the motion to reconsider the motion to dismiss and the request to amend the complaint. We note the request to amend the complaint was not for the purpose of denouncing the interests of the corporation, but to add another basis for recovery based on the unauthorized actions of city officials allegedly against Edwards individually and against the interests of the corporations. Here, the City requests this court to consider sanctions as well.

14

To deny sanctions, we must excuse the unauthorized practice of law by ignoring the fact that Edwards was a nonattorney when he filed the motion to reconsider and amend the complaint in the trial court, when acting as both an individual and as stockholder of the corporate entities. [2] This is a position we are not willing to adopt as a court of review.

Under analogous circumstances, this court *sua sponte* granted a remand for determination of Rule 137 sanctions where the underlying claim was grounded on false allegations of fact. *First of America Trust Co. v. First Illini Bancorp, Inc.,* 289 Ill. App. 3d 276, 291 (1997). We deem the unauthorized practice of law in the drafting of a complaint, a written motion to reconsider and a request to amend that complaint constitutes a defect at least as serious as, if not more serious than, the defects presented to this court in *First of America Trust Co. v. First Illini Bancorp, Inc.,* 289 Ill. App. 3d 276 (1997).

Here, the record discloses that the trial court duly admonished Edwards in earlier proceedings that the pursuit of the cause on behalf of Corsaw and IRH constituted an unauthorized practice of law in violation of the Illinois Attorney Act and warned him regarding his contemptuous behavior. Accordingly, we remand this cause to the trial court with directions to conduct an evidentiary hearing to determine the amount of reasonable sanctions that should be imposed against Edwards pursuant to Rule 137 for the filing of the original complaint and the subsequent motion to reconsider and amend that complaint while engaging in the unauthorized practice of law.

### III. Rule 375 Sanctions

Finally, the City requests that the court award attorney fees incurred in defending this appeal pursuant to Rule 375. An award of attorney fees may be granted as a sanction if a party wilfully refuses to comply with appellate rules, or where an appeal is taken in bad faith or for an

---

[2]In the petition for reconsideration filed with this court on October 6, 2008, Edwards admits "this action was brought by Kenin Edwards individually *and* as sole stockholder of his corporate entities." (Emphasis added)

15

improper purpose.  155 Ill. 2d R. 375.  An appeal is deemed frivolous if a reasonable, prudent attorney acting in good faith would not have brought it.  *Penn v. Gerig*, 334 Ill. App. 3d 345, 357 (2002).

We have previously noted that the original motion to reconsider and request to amend the complaint was drafted by Edwards, a nonlawyer, but still asserted causes of actions unique to the corporations.   In spite of having an attorney of record at the time, Edwards prepared and filed the motion to reconsider *pro se* based on status as an individual and sole stockholder of the corporations.  Based on the status of this record, a prudent attorney acting in good faith would not have brought this appeal to contest the court's ruling on the motion to reconsider the court's dismissal of the complaint with prejudice, prepared by a nonlawyer asserting his own *and* separate corporate interests.  The motion to reconsider asked the trial court to amend the complaint that was drafted, signed, and filed by Edwards, once again reciting his dual capacities as individual and stockholder.  The denial of this motion to reconsider forms the basis of this appeal.

We are mindful Edwards filed a *pro se* notice of appeal without naming himself as the sole stockholder of the corporations.  Even though Edwards pursues this appeal in his name only, it does not cure the underlying unauthorized practice of law, and the void nature of the inartfully drafted complaint that is now the singular subject of this appeal.  Further, Edwards seeks review of the trial court's decision below without denouncing the injured corporate interests or requesting that our ruling be limited to amending the complaint solely on the basis of his individual injuries.

Accordingly, we allow the City's request for Rule 375 sanctions, and we remand this cause to the trial court to conduct an evidentiary hearing on the amount of reasonable Rule 137 and Rule 375 sanctions against Edwards for filing of the original lawsuit asserting corporate interests other than his own individual interests, for filing a motion to reconsider to allow him to amend the original complaint seeking corporate damages without the assistance of counsel, and

16

appealing the denial of those motions drafted in violation of the Attorney Act .

CONCLUSION

For the reasons stated, the judgment of the circuit court of Marshall County is affirmed in part and reversed in part. We remand the cause for further proceedings to determine the amount of the appropriate sanctions and to enter an order for sanctions in favor of the City pursuant to Rule 137 and Rule 375 consistent with this opinion.

Affirmed in part and remanded with directions.

McDADE, P.J., and O'BRIEN, J., concur.